*In re* MARRIAGE OF MARLENE FERRARO, Petitioner-Appellee, and GIOTTO A. FERRARO, Respondent-Appellant.

First District (1st Division)   No. 1—90—0364

Opinion filed March 25, 1991.

Harris & Berlin, of Chicago (Gerald L. Berlin and David M. Bagdade, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Leonard N. Foster, Assistant State's Attorney, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Giotto Ferraro appeals the trial court's denial of his petition to modify his child support payments. We reverse and remand.

On October 16, 1965, Marlene and Giotto Ferraro were married. Subsequently, they had two children, Michelle and Craig. Michelle was born on April 17, 1970, and Craig was born on April 12, 1973. On March 14, 1986, Marlene filed a petition for dissolution of marriage, and on January 25, 1988, a judgment of dissolution of marriage was entered. Pursuant to the judgment, Giotto was to pay, *inter alia*, a lump sum of $636.81 per month for the support and maintenance of the children. Subsequently, in July of 1988, Giotto filed a petition for modification of child support.

On October 2, 1989, the trial court heard Giotto's petition. At the hearing, Giotto testified on direct examination that on April 15, 1988, he was laid off from his previous employment, where he had earned

$48,000 annually; that he was presently unemployed and did not have any income; that he is "learning the business" (car salesman) at Fleetwood Motors from a "friend"; that he goes to Fleetwood Motors a couple times a week; and that his daughter, Michelle, was emancipated in April 1988. However, on cross-examination, Giotto admitted that he goes to Fleetwood Motors to help his friend out on "a pretty steady basis" in exchange for "help" with his rent.

Also at the hearing, Marlene testified that Giotto was working at Fleetwood Motors. Additionally, Sheldon Peck testified that he was shopping for a car at Fleetwood Motors and that Giotto worked there, that Giotto discussed a car's price with him, that Giotto gave him car keys so that he could test drive a car and that Giotto took money as a deposit on a car.

After hearing the testimony regarding Giotto's petition for modification of child support, the trial court ruled:

> "Sir, I have a real problem with your client [Giotto]. He is not telling us the truth. This is a court of equity. And but for the fact that one child has reached majority, I wouldn't give him any relief, none. *** Based on the emancipation of Michelle, I will lower it [support] to five hundred dollars [per month]. And frankly your client is lucky to get that since he sat up here and didn't tell us the truth."

However, the trial court reconsidered the October 2 order and that order was never entered by the clerk's office. On October 6, 1989, the trial judge stated:

> "After giving due consideration, I have decided not to enter the order that I originally proposed. I don't believe that Mr. Ferraro is entitled to any relief. I don't believe that he met his burden of proof in this case. I don't believe his testimony, period. Ergo that part of the order *** won't [be entered]. I am not going to reduce his support obligations at all. He has the burden of proving by a preponderance of the evidence that a substantial change in circumstances has occurred which would justify a diminution of his support obligations. I don't think he has met that burden."

Thereafter, the trial court entered its order which denied Giotto's petition.

■■ ■ Giotto argues that the trial court abused its discretion by denying Giotto's petition to modify his child support payments. We agree. The general rule is that child support terminates when a child reaches the age of 18. (*In re Marriage of Pauley* (1982), 104 Ill. App. 3d 100, 102, 432 N.E.2d 661.) At 18 years of age, the child has at-

tained majority and becomes emancipated. (*In re Marriage of Donahoe* (1983), 114 Ill. App. 3d 470, 475, 448 N.E.2d 1030.) Generally, evidence that a child has attained the age of majority constitutes a substantial change in circumstances which necessitates the modification of child support unless: (1) the parties agree on a different terminating event; (2) the court orders support payments to continue based on the nonminor child's physical or mental disability or when educational expenses are sought; or (3) the child becomes emancipated at an earlier age. Ill. Rev. Stat. 1987, ch. 40, pars. 510(c), 513.

█ However, the presumption that there has been a substantial change in circumstances when a child attains the age of majority can be rebutted by contervailing evidence that the lump-sum payment is still necessary, such as (1) the financial resources of the children; (2) the financial resources and needs of the custodial parent; (3) the standard of living the children would have enjoyed had the marriage not been dissolved; (4) the physical, emotional, and educational needs of the children; and (5) the financial resources and need of the noncustodial parent or parents. Ill. Rev. Stat. 1987, ch. 40, pars. 505(2)(a) through (2)(e); *In re Marriage of Milburn* (1986), 144 Ill. App. 3d 76, 80, 494 N.E.2d 161.

█ Accordingly, we find that the trial court abused its discretion when it denied Giotto's petition to modify his child support payments when it was uncontroverted that Michelle attained the age of majority and that the respondent did not offer any countervailing evidence that may have established that the unmodified lump-sum payment was still necessary. Consequently, this case is remanded to the trial court to determine, based upon equitable considerations, the amount the lump-sum support payment should be reduced. Unallocated child support is not necessarily reduced *pro rata* when a child becomes emancipated. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 329, 410 N.E.2d 12; *Potocki v. Potocki* (1981), 98 Ill. App. 3d 501, 505, 424 N.E.2d 714.) It is a matter solely for judicial determination. *In re Marriage of Pauley* (1982), 104 Ill. App. 3d 100, 104, 432 N.E.2d 661.

Reversed and remanded.

CAMPBELL and BUCKLEY, JJ., concur.