*In re* MARRIAGE OF MELANONY E. MILBURN, Plaintiff-Appellee, and RICKY W. MILBURN, Defendant-Appellant.

Fifth District   No. 5—84—0756

Opinion filed May 28, 1986.

William C. Evers III, of Collinsville, for appellant.

Gary E. Peel, of Edwardsville, for appellee.

PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Respondent, Ricky W. Milburn, has perfected this appeal from a judgment of the circuit court of Madison County which (1) denied his petition to modify child support and (2) granted petitioner's, Melanony Milburn's, petition to modify the dissolution decree as to the payment of all college expenses for the parties' two children. The facts are as follow.

On May 22, 1981, a judgment for dissolution of marriage was entered. This judgment provided in pertinent part that the respondent was to pay child support for the minor children of the parties in the sum of $1,000 each month, "said $1,000.00 support payments to continue until the younger of the two minor children reaches majority, or, if said younger child pursues a post high school course of study, until

said younger child completes said course of study; and further, petitioner and respondent shall share equally all post high school tuition and book expenses of each of said children."

On March 19, 1984, respondent filed a petition to modify the judgment in which he requested that his child support obligation be reduced from $1,000 to $500 per month because (1) one of the children now resides with and is supported by the respondent, (2) the petitioner's earnings have increased, and (3) the respondent's earnings have decreased. On April 5, 1984, the petitioner filed a counterpetition which requested in pertinent part that respondent be required to pay for one-half of all college expenses incurred by the children of the parties.

On April 25, 1984, a hearing was held on the petition and counterpetition. At this hearing it was established that Richard, the parties' 18-year-old son, who previously had resided with petitioner, had taken up residence with respondent in February 1984. At the time of the hearing, respondent was paying most of Richard's living expenses, and the remainder of Richard's living expenses were paid by Richard from the income he earned from a part-time job. Although Richard was not attending college at the time of the hearing, it was alleged that he intended to do so in the fall of 1984 and that he anticipated residing with respondent while attending college. Twelve-year-old daughter Lisa remained in petitioner's custody; and petitioner testified that the cost of raising Lisa had increased due to inflation and the costs attendant to a child's growing older.

Petitioner further testified that during 1980, the year prior to the divorce, she earned $1,650 and in 1981 she earned $2,981.10. According to petitioner, she began doing bookkeeping on a contract basis for Industrial Management Company in 1982. This position provided petitioner with a salary and a 1982 Buick Riviera which petitioner used in performing her employment duties. In 1982, petitioner earned $10,291.71; and in 1983, she earned $19,791.75. Petitioner testified that her income for 1984 would be roughly equivalent to her income for 1983.

Respondent testified that in 1981 he earned $73,212. The respondent's employer was declared bankrupt in 1982, and he then took a similar position with Joliet Avionics in West Chicago. In 1982, respondent earned $44,077 and in 1983 he earned $57,850. During the first quarter of 1984, respondent earned $20,114.89. Respondent stated that although his first quarter earnings would exceed his 1983 earnings if duplicated in each of the three following quarters, he did not expect to match his first quarter earnings in the following quarters. Respondent believed that his 1984 earnings would be roughly equivalent to his 1983

earnings.

The petitioner testified that the parties' son, Richard, attended college during the fall of 1983 and spring of 1984. Petitioner stated that respondent refused to pay for Richard's room and board while Richard was attending college during the fall of 1983 on the grounds that he was not required to do so by the dissolution decree. Moreover, although respondent did pay for one-half of Richard's tuition and books for the fall of 1983, petitioner claimed that respondent paid nothing toward Richard's college attendance for the spring of 1984. Petitioner asserted that respondent's refusal to pay for one-half of Richard's room and board coupled with respondent's failure to pay for any of Richard's expenses during the spring of 1984 resulted in petitioner's spending $2,400 in excess of what respondent paid for Richard's college attendance.

On October 22, 1984, the circuit court entered an order which: (1) denied respondent's petition to modify child support, and (2) granted petitioner's petition to modify the dissolution decree so as to require respondent in the future to pay, in addition to one-half of the college tuition and books, one-half of all college expenses "of the minor child attending college," including books, tuition, room, board, transportation, and other expenses related to college. The respondent appeals both aspects of this judgment.

■ Section 510 of the Illinois Marriage and Dissolution of Marriage Act provides in pertinent part:

> "Modification and Termination of Provisions for Maintenance, Support and Property Disposition. (a) Except as otherwise provided in paragraph (f) of Section 502, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a substantial change in circumstances. ***
> ***
>
> (c) Unless otherwise agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child, except as otherwise provided herein, but not by the death of a parent obligated to support the child. ***" (Ill. Rev. Stat. 1983, ch. 40, pars. 510(a), (c).)

Thus, section 510(a) expressly provides that the paramount consideration of the court in determining whether to modify a child support provision is whether a substantial change in circumstances has occurred since the original support allowance was made. Factors to be considered in determining whether there has been a substantial change

in circumstances include: (1) the financial resources of the children, (2) the financial resources and needs of the custodial parent, (3) the standard of living the children would have enjoyed had the marriage not been dissolved, (4) the physical, emotional, and educational needs of the children, and (5) the financial resources and needs of the noncustodial parent or parents. (Ill. Rev. Stat. 1983, ch. 40, par. 505(a); *In re Marriage of Daniels* (1983), 115 Ill. App. 3d 173, 176, 450 N.E.2d 361, 362-63.) Furthermore, the trial court's findings as to the modification of child support will not be disturbed absent a clear abuse of discretion. 115 Ill. App. 3d 173, 176, 450 N.E.2d 361, 362-63.

Section 510(c) provides that the support of a child is terminated upon the emancipation of the child unless otherwise agreed in writing or specified in the judgment. Although Richard, who was living with respondent at the time of the hearing, was of legal age and was then emancipated under the law (see *In re Marriage of Donahoe* (1983), 114 Ill. App. 3d 470, 474-75, 448 N.E.2d 1030, 1033), the original judgment indicates that both parties intended that Richard would receive support if he attended college; and both parties acknowledged that it was contemplated that Richard would be attending college in the near future.

Richard was employed part-time at the time of the hearing, and Lisa, who was 12 years old, apparently had no income. Since respondent is currently furnishing most of Richard's support, the proceeds of Richard's employment are a resource to be considered in our determination.

The evidence establishes that petitioner's income for the year in which the dissolution decree was entered (1981) was $2,981.10 and that her income the year prior to the instant hearing (1983) was $19,791.75. Respondent's income for the year in which the dissolution decree was entered was $73,212 and his income for the year prior to the instant hearing was $57,850. Therefore, based on income for prior years, petitioner's income increased substantially and respondent's income decreased somewhat; however, there is a dispute as to whether respondent's 1984 income would exceed his income for the year the dissolution decree was entered.

As to the needs of the parties, the evidence indicated that petitioner retained custody of Lisa and respondent had physical custody of Richard at the time of the hearing on the petition for modification. Although petitioner previously had custody of Richard and there is apparently a change in the needs of the parties, we conclude that the parties' needs have not changed significantly. Richard was employed part-time, whereas Lisa was not employed or employable. Respondent had physi-

cal custody of Richard at the time of the hearing; and although Richard was of legal age and it was anticipated that he was going to attend college later that year, it was also anticipated that he would continue to reside with respondent. It is apparent that petitioner's custody of Lisa will not be terminated for a number of years. Furthermore, in the event that Richard attends college, petitioner would, in accordance with the dissolution decree as modified in this proceeding, be responsible for one-half of the total expenses incurred by Richard while pursuing his college career, including his room and board. We therefore conclude that any decrease in the financial needs of petitioner or increase in respondent's financial need generated by the change in custody is minimal.

In his prayer for relief, respondent requests that we reduce his child support obligation from $1,000 to $500 per month. Both parties acknowledged that Richard soon would be attending college. The dissolution decree as modified requires petitioner to pay one-half of the expenses incurred by Richard while attending college. Petitioner testified that the expense of raising Lisa had increased due to inflation and Lisa's growing older. The increase in the expense of raising a child due to inflation and the increased age of the child are proper considerations in determining whether to modify child support (see *In re Marriage of Schmerold* (1980), 88 Ill. App. 3d 348, 350, 410 N.E.2d 629, 631); however, rote application of such a rule is impermissible because the child always will have grown older at the time of the modification hearing and, based on past experience, the cost of living will have risen by then. Instead, specific evidence of significant unforeseen or otherwise additional expenses which constituted the requisite substantial change in circumstances must be shown. (*Harner v. Harner* (1982), 105 Ill. App. 3d 430, 434-35, 434 N.E.2d 465, 469.) In the case at bar, since Richard's college attendance would require petitioner to spend substantial sums of money, and since there was evidence that petitioner's childcare costs for Lisa had increased at the same time her income had increased, a finding that the *pro rata* decrease in child support requested by respondent would result in a decrease in Lisa's standard of living would not have been an abuse of discretion.

No evidence was presented as to the relative physical and emotional needs of the children other than the fact that Richard was a young adult and Lisa was on the verge of adolescence. While it is true that Richard's financial needs will increase when he attends college, this does not represent a substantial change in circumstances because under the dissolution decree as modified both parties are required to provide for one-half of Richard's educational expenses.

■■ After analyzing the relevant factors required to be considered in determining whether to modify child support, we conclude that the trial court did not abuse its discretion in denying respondent's petition. Accordingly, we must address respondent's contention that the trial court abused its discretion when it ordered respondent to pay an increased share of college expenses.

Respondent asserts that the $1,000 per month petitioner now receives in child support from respondent should pay for all of Richard's educational needs other than one-half of the costs of tuition and books for which respondent was responsible under the original decree. Petitioner testified that respondent's refusal to pay any expenses, other than a portion of the cost of tuition and books, for Richard's prior 1½ semesters of college education had cost her approximately $2,400 in excess of what respondent paid. This figure has not been disputed. Given this fact, we cannot say that the trial court abused its discretion when it ordered both parties to share all of the college expenses of their children. However, if, as alleged and anticipated, Richard lives with the respondent while pursuing his college education, the modification of the dissolution decree by the trial court would require petitioner to reimburse respondent for one-half of Richard's living expenses. (*In re Marriage of Bentivenga* (1982), 109 Ill. App. 3d 967, 973-74, 441 N.E.2d 336, 341.) Since this modification is based upon a future contingency, it is impossible from the evidence to ascertain what Richard's living expenses will be when and if this contingency occurs. We therefore remand this cause to the trial court with directions to modify the judgment in accordance with this disposition and to determine the proper amount of reimbursement to be made to respondent by petitioner in the event that Richard continues to live with respondent while attending college. 109 Ill. App. 3d 967, 973-74, 441 N.E.2d 336, 341.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed as modified. We remand this cause with directions that the court determine the amount of support to be paid by petitioner to respondent to cover one-half of the costs of room and board for Richard during the period he lives with respondent while attending college.

Affirmed as modified and remanded with directions.

JONES and HARRISON, JJ., concur.