*In re* MARRIAGE OF L. JOYCE FALAT, Petitioner-Appellee, and DONALD P. FALAT, Respondent-Appellant.

First District (1st Division) No. 1—87—2933

Opinion filed June 29, 1990.

Glass, Hill, Dallmeyer & Roth, Ltd., of Northbrook (Bradley M. Glass and Michael M. Roth, of counsel), for appellant.

Joel P. Schaps, Ltd., of Chicago, for appellee.

JUSTICE MANNING delivered the opinion of the court:

Respondent, Donald P. Falat, appeals from an order of the circuit court of Cook County which denied his motion to strike and dismiss Loretta Joyce Falat's petition to increase child support. He further appeals from an order of the court increasing child support for adult children.

On February 6, 1979, a judgment for dissolution of marriage was

entered dissolving the marriage of Loretta Joyce Falat (Joyce Falat) and Donald Falat. The judgment included a separation agreement between the parties which established that child support for their two minor children, David and Karen, is to be paid by the husband in the amount of $410 per month, based on a $25,000 gross annual salary for the husband and $10,000 gross annual salary for the wife. It was further agreed that:

"Husband's obligation for payment of child support shall cease upon any one of the following events:

(a) Emancipation of the child;

(b) The child reaching the age of eighteen (18) years of age, however, said obligation for payment of child support shall continue if after reaching the age of eighteen, said child shall be enrolled as a full-time student in high school or college, and in such event, Husband's obligation to pay child support shall cease upon completion of four-year course of college education.

3. Husband shall pay for or contribute towards the payment of college education of the minor children of the parties, which obligation is conditioned upon the following:

(a) That the child has, at the time, the desire and aptitude for a college education;

(b) That the college education is limited to four consecutive years after graduation from high school, except that such time shall be extended in case of serious illness or military service;

(c) That Husband has the financial ability and stability to pay for such college education."

On February 6, 1986, Joyce Falat filed a petition for rule to show cause and for modification of the judgment for dissolution of marriage, requesting an increase in child support. A hearing on the petition was commenced on June 16, 1986, before the Honorable William Peterson. During the hearing, Donald Falat testified that his gross income for 1985 was about $39,000 and copies of three pay stubs reflecting his income through March 31, 1986, as $12,626 were received into evidence. Donald Falat also submitted an affidavit of his expenses. Joyce Falat testified regarding her income and expenses and the income and expenses of her children at the time of the divorce and at the time of the hearing. The petition for rule to show cause was resolved on August 13, 1986, when an agreed order was entered by Judge Peterson, providing for the husband and wife to each pay 50% of the college educational expenses of the children. The hearing

on the petition for modification was continued several times and was subsequently reassigned to Judge Hyman Feldman. Donald Falat filed a motion to strike and dismiss the petition to increase child support on the basis that the court lacked jurisdiction to grant an increase to adult children. This motion was denied by the trial court on March 18, 1987. A hearing on Joyce Falat's petition to increase child support was held on August 21, 1987. Joyce Falat testified at the hearing. However, Donald Falat did not attend the hearing, nor was he required to attend since the court had previously stated that "further testimony of Donald Falat is not required." A court reporter was present at the August 21, 1987, hearing; however, the court reporter lost the notes of that hearing. Donald Falat initially filed his proposed report of proceedings on November 20, 1987. After the passing of a significant period of time, on February 2, 1988, Joyce Falat was granted leave to file *instanter* a responsive report of proceedings. On that same date, the trial court refused "to certify a report of proceedings due to a lack of memory as to this case." On April 7, 1988, Donald Falat requested the trial court to certify Joyce Falat's proposed report of proceedings as to what occurred during the August 21, 1987, proceedings. The report of proceedings was certified by the trial judge on that date.

Joyce Falat stated in the report of proceedings that at the August 21, 1987, hearing she tendered an affidavit dated August 21, 1987, setting forth her monthly income and expenses and an affidavit dated June 16, 1986, prepared by Donald Falat which had been furnished to the court at a prior hearing. Donald Falat's pay stub for the period ending March 31, 1986, was also tendered to the court. However, Donald Falat's attorney objected to the admission of his pay stub and affidavit on the basis of lack of a proper foundation for the admission of the pay stub into evidence, the pay stub was hearsay and the admission of the pay stub violated the best evidence rule. This objection was overruled and the documents were admitted into evidence. Joyce Falat further testified at the August 21, 1987, hearing that the $410-per-month child support was agreeable to her at the time of the dissolution of marriage since at that time the children were minors, ages 11 and 13. However, now they are 19 and 20 years of age and attending college. She also testified that an increase of child support is needed due to inflation and the increased expenses of the children in general, utilities and food. She stated that Karen and David earned $10,022 and $4,620 respectively in 1986.

Donald Falat's attorney stated that he was not offering any evidence since the pay stub is inadmissible and Joyce Falat failed to

meet her burden of showing an increased need of child support and Donald Falat's ability to pay the increase. Donald Falat's attorney also refused to provide the court with his client's current income and stated that the income figures on the pay stub did not accurately reflect Donald Falat's income. Thereafter, the trial court modified the child support to $550 per month retroactive to February 6, 1986, for the period of February 6, 1986, to June 1, 1987. The court then proceeded to set child support at $475 per month.

On appeal the respondent argues that the trial court erred in entering an order increasing child support for adult children who were neither mentally nor physically disabled and the funds were not necessary for the children's education. Respondent further argues that the petitioner failed to sustain her burden of showing a substantial change in circumstances since the dissolution of marriage to justify an increase in child support and the ability of the respondent to pay. We agree with the orders of the trial court.

█▌ █ We will initially address respondent's argument that in the present case the trial court lacked jurisdiction to grant an increase of child support to adult children who were neither physically nor mentally disabled nor were the funds necessary for the children's education. This contention is without merit since a trial court has jurisdiction to consider future child support needs in a dissolution of marriage proceeding and it is not required to expressly retain jurisdiction in order to preside over such proceedings. (*In re Marriage of Geis* (1987), 159 Ill. App. 3d 975, 982, 512 N.E.2d 1354; *In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 430 N.E.2d 569.) The general rule is that the obligation of a parent to support his children terminates when the child reaches majority. (*In re Marriage of Holderrieth* (1989), 181 Ill. App. 3d 199, 206, 536 N.E.2d 946.) However, section 510(c) of the Illinois Marriage and Dissolution of Marriage Act (the Act) specifically provides that "[u]nless otherwise agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child, except as otherwise provided herein." (Ill. Rev. Stat. 1987, ch. 40, par. 510(c).) The legislative purpose behind the adoption of section 510(c) is to allow the parties to a dissolution proceeding to remain liable for the support of children beyond emancipation. *Finley v. Finley* (1980), 81 Ill. 2d 317, 326, 410 N.E.2d 12.

█▌ The record in the case at bar reveals that the respondent expressly agreed to remain obligated to pay child support if the children were enrolled as full-time students in high school or college. Settlement agreements as they relate to child support are looked upon fa-

vorably by Illinois courts, and such agreements will not be set aside absent clear and convincing evidence that the agreement was entered as a result of coercion, fraud, duress or the agreement is contrary to public policy or morals. (*In re Marriage of Holderrieth* (1989), 181 Ill. App. 3d 199, 206, 536 N.E.2d 946; *Stutler v. Stutler* (1978), 61 Ill. App. 3d 201, 204, 377 N.E.2d 862.) Additionally, we have specifically held that the circuit court does have the authority to modify a child support provision in a dissolution of marriage judgment that was entered in accordance with a settlement agreement. Ill. Rev. Stat. 1987, ch. 40, pars. 502(f), 510(a); *In re Marriage of Geis*, 159 Ill. App. 3d at 982; *Powers v. Powers* (1979), 69 Ill. App. 3d 485, 388 N.E.2d 76.

█ It is undisputed in the present case that the parties intended to pay child support past the age of majority, and we have frequently held that it is within the broad discretion of the trial court to determine the necessity for child support and the amount granted, and its decision will not be set aside unless it is contrary to the manifest weight of the evidence. (*In re Marriage of Geis*, 159 Ill. App. 3d at 982; *In re Marriage of Mitchell* (1981), 103 Ill. App. 3d 242, 249, 430 N.E.2d 716.) Moreover, it is well settled that the modification of a child support award is within the sound discretion of the trial court and that decision will not be reversed on appeal absent an abuse of discretion. *In re Marriage of Morrisroe* (1987), 155 Ill. App. 3d 765, 770-71, 508 N.E.2d 464; *In re Marriage of Winters* (1987), 160 Ill. App. 3d 277, 285, 512 N.E.2d 1371; *In re Marriage of Milburn* (1986), 144 Ill. App. 3d 76, 80, 494 N.E.2d 161; *In re Marriage of Schmerold* (1980), 88 Ill. App. 3d 348, 410 N.E.2d 629.

 Section 513 of the Act provides that in determining the amount of child support to assess, the circuit court must consider the child's financial resources, the financial resources of both parents, and the standard of living the child would have enjoyed but for the dissolution of the marriage. (Ill. Rev. Stat. 1987, ch. 40, par. 513; *In re Marriage of Harsy* (1990), 193 Ill. App. 3d 415, 423, 549 N.E.2d 995.) The trial court will also consider the physical, emotional and educational needs of the child. (Ill. Rev. Stat. 1985, ch. 40, par. 505; *In re Marriage of Morrisroe*, 155 Ill. App. 3d at 771; *In re Marriage of Milburn* (1986), 144 Ill. App. 3d 76, 79-80, 494 N.E.2d 161.) Respondent argues that the increase in child support was not necessary for the children's education since an agreed order was entered for the husband and wife to each pay 50% of the college educational expenses of the children. Petitioner argues that although the parties were ordered to pay educational expenses, the court did not order the parties to share the living and other expenses of the children while attending

college. Section 513 of the Act authorizes the trial court to make provisions for the education *and maintenance* of children after they have attained the age of majority, and section 505 of the Act allows the court to order the payments to be made out of income. (*In re Marriage of Coram* (1980), 86 Ill. App. 3d 845, 850-51, 408 N.E.2d 418.) Educational expenses entitle a mother to receive reasonable living expenses in addition to the cost of tuition and books when the children are residing at home while attending college. *In re Marriage of Pauley* (1982), 104 Ill. App. 3d 100, 105, 432 N.E.2d 661.

The Act further grants the trial court the authority to modify any judgment regarding child support upon a showing of a substantial and material change in circumstances. (Ill. Rev. Stat. 1987, ch. 40, par. 510(a); *In re Marriage of Eisenstein* (1988), 172 Ill. App. 3d 264, 269, 526 N.E.2d 496; *In re Marriage of Morrisroe*, 155 Ill. App. 3d at 770.) Respondent contends that the petitioner failed to sustain her burden of showing a substantial change in circumstances since the dissolution of marriage to justify an increase in child support and the ability of the respondent to pay. Moreover, under the terms of the settlement agreement he agreed to continue child support while the children attended college, not increase child support for his adult children. In marriage dissolution proceedings, a court is not bound by the agreements between the parties providing for the support of children. (*Blisset v. Blisset* (1988), 123 Ill. 2d 161, 167, 526 N.E.2d 125; Ill. Rev. Stat. 1987, ch. 40, par. 502(b).) Moreover, section 502(f) of the Act prohibits parties to an agreement from limiting or precluding the modification of child support. (Ill. Rev. Stat. 1987, ch. 40, par. 502(f).) Additionally, the Act provides that a trial court "may order *** parents owing a duty of support *** to pay an amount reasonable and necessary for [the] support [of the children]." Ill. Rev. Stat. 1987, ch. 40, par. 505.

The trial court is only justified in increasing child support upon a showing that the needs of the children and the earnings of the supporting parent have increased since the judgment granting child support was entered. (*Addington v. Addington* (1977), 48 Ill. App. 3d 859, 863, 363 N.E.2d 151; *In re Marriage of Milburn*, 144 Ill. App. 3d at 81.) Once the respondent's increased ability to pay has been demonstrated, the petitioner may establish increased needs of the children based on the fact that the children have grown older and the cost of living has risen. (*In re Marriage of Milburn*, 144 Ill. App. 3d at 81; *Addington*, 48 Ill. App. 3d at 863.) Moreover, the trial court may presume that the expenses associated with the raising of children are increased each year. *In re Marriage of Loomis* (1987), 153 Ill.

App. 3d 404, 406, 505 N.E.2d 766.

In the present case, the court was provided with the incomes of Joyce Falat, David Falat and the children at the time of the dissolution of marriage and for 1986. Donald Falat's income increased from $25,000 to approximately $50,000 in 1986. Joyce Falat's income increased from $10,000 to $24,000 in 1986. David Falat's income increased from zero to $4,900 in 1986, and Karen Falat's income increased from zero to $10,022 in 1986. Donald Falat's 1986 income was based upon a pay stub tendered to the court for the period ending March 31, 1986. Information regarding the parties' income and expenses was originally tendered and authenticated when the trial began on June 16, 1986. This information was again tendered to the trial court at the August 21, 1987, hearing. Specifically, at that hearing, Joyce Falat's attorney tendered an affidavit dated August 21, 1987, stating her monthly income and expenses. He also tendered an affidavit prepared by Donald Falat dated June 16, 1986, indicating his income and expenses. Additionally, at the August 21, 1987, hearing a pay stub for Donald Falat for the period ending March 31, 1986, was tendered to the trial court upon its request. During the August 21, 1987, hearing the trial court attempted to obtain current information by asking the respondent's attorney, "[W]hat is the husband's income now?" The response provided was "That is for the petitioner to show. I'm standing on the evidence." Just prior to this exchange, when the trial court asked the respondent if he had any evidence that he wished to present, the respondent's attorney stated, "Your Honor, I am not offering any evidence on behalf of respondent."

The respondent argues that the affidavit and pay stub for the period ending March 31, 1986, furnished to the court at a prior hearing between the parties were inadmissible as competent evidence at the August 21, 1987, hearing and were improperly admitted to establish Donald Falat's current ability to pay increased child support. We have previously held that where an ultimate issue of fact has been completely litigated at a prior hearing, there is no reason to relitigate that issue in subsequent proceedings in the absence of additional evidence or peculiar circumstances. (*People v. Bowen* (1987), 164 Ill. App. 3d 164, 171, 517 N.E.2d 608.) Similarly, in the present case, Donald Falat's pay stub and affidavit were properly received without objection at a prior hearing between the same parties regarding the same issue. That hearing commenced on June 16, 1986, and was continued to August 27, 1986. Although the case was reassigned to another judge in the interim, Donald Falat never sought to abate those proceedings. Consistent with the first judge's directions, he did not re-

turn when the hearing was resumed. His conduct cannot be allowed to thwart the processes of the court. Had he thought the first proceedings should have been abated because the case was reassigned after a hearing had commenced, he had the opportunity to so request that of the court. He cannot "have his cake and eat it too." At the very least he could have appeared at the second hearing, notwithstanding the court's admonition to the contrary, and sought to refute the previously entered documents with competent evidence regarding more current income information. Moreover, the admissibility of evidence is within the discretion of the trial court and its decision should not be disturbed absent an abuse of discretion. (*In re Marriage of Hofstetter* (1981), 102 Ill. App. 3d 392, 396, 430 N.E.2d 79; *In re Estate of Weisberg* (1978), 62 Ill. App. 3d 578, 586, 378 N.E.2d 1152, 1158.) A party asserting that an error has occurred must demonstrate to the court that he has been prejudiced by the error. (*In re Marriage of Hofstetter*, 102 Ill. App. 3d at 396; *In re Estate of Weisberg*, 62 Ill. App. 3d at 586.) In the instant case, the respondent did not demonstrate that he was prejudiced by the trial court's consideration of his 1986 affidavit and pay stub. To the contrary, the record is devoid of any effort on the part of the respondent to present any current information. The failure of the respondent to offer any evidence in response to the trial court's request creates a presumption that the evidence would have been unfavorable to the respondent's position. (*In re Marriage of Leff* (1986), 148 Ill. App. 3d 792, 803, 499 N.E.2d 1042; *Tepper v. Campo* (1947), 398 Ill. 496, 505, 76 N.E.2d 490.) Under the facts and circumstances of this case, we cannot say that it was improper for the trial court to consider this evidence nor was it an abuse of the trial court's discretion.

■■ The evidence indicated that the respondent agreed to the continuation of child support past the age of majority. Therefore, both parties intended that the children would receive support if they attended college. Moreover, the evidence revealed Donald Falat's ability to pay increased child support taking into consideration, *inter alia*, the 100% increase in his income since the original award of child support, the petitioner's income and her testimony regarding the increased need for child support due to increased expenses of the children, inflation, increased cost associated with utilities and food. Furthermore, there is nothing in the record to demonstrate that the trial court did not consider the relevant factors, as set forth in the Act, that were reasonable and necessary to determine whether an increase in child support should be granted. Therefore, the evidence supports petitioner's assertion of a substantial change in circum-

stances since the original dissolution judgment to support an increase in child support, and based upon the facts of this case, we conclude that the trial court did not abuse its discretion in granting an increase in child support.

For the foregoing reasons, the orders of the circuit court of Cook County are affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.