*In re* MARRIAGE OF ROBERT A. LOFFREDI, Petitioner-Appellant, and FLORENCE M. LOFFREDI, Respondent-Appellee.

Third District    No. 3—91—0531

Opinion filed July 31, 1992.

Ross B. Shugan and Robert J. Schmit, both of LeVine, Wittenberg, Eisner, Newman & Silverman, of Homewood (Howard M. LeVine, of counsel), for appellant.

No brief filed for appellee.

JUSTICE SLATER delivered the opinion of the court:

Petitioner, Robert Loffredi, appeals the dismissal of a portion of his petition to modify a judgment for dissolution of marriage. While no appellee's brief has been filed on this appeal, we reach the merits of this case since the record is simple and the claimed errors easily resolvable. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On October 3, 1989, the circuit court of Will County entered a judgment dissolving the marriage of the petitioner and the respondent, Florence Loffredi. At the time of judgment, the parties had one minor child, Kevin, born November 6, 1973. The parties entered into a settlement agreement which was incorporated into the judgment of dissolution. The agreement provided in relevant part as follows:

*"College Education*

1. ROBERT shall pay and be solely responsible for, subject to his financial ability, the trade school or college education expenses of the children. By 'education expenses' there is meant and included, but not by way of limitation, tuition, books, supplies, registration and other required fees, board and lodging (if a child is in attendance at an out-of-town trade school or college), fraternity dues, assessments and charges, reasonable spending allowances, and round trip transportation expenses between the trade school or college and the home of a child (if a child is in attendance at an out-of-town trade school or college), the financial obligation of those round trips not to exceed four (4) in any calendar year. FLORENCE shall have no responsibility for the payment of any of the aforesaid expenses and ROBERT shall hold her harmless from same."

The agreement specifically precluded modification of its terms.

Petitioner's income at the time of the judgment was $90,000 per year. Sometime in early 1990, petitioner lost his job, and on June 6, 1990, he filed a petition to reduce his child support obliga-

tion. The court reduced that obligation from $1,000 to $275 per month on October 9, 1990.

On June 3, 1991, petitioner filed a petition to modify the judgment of dissolution alleging that he could no longer afford to pay for Kevin's college education due to his unemployment. The petition requested, in part, a modification of the judgment to require respondent to contribute to the cost of education. The petition also sought to reduce or limit petitioner's obligation to contribute to those expenses.

Respondent filed a motion to dismiss the petition pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) alleging that the relevant provision of the judgment was nonmodifiable under sections 502 and 513 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1989, ch. 40, pars. 502, 513) because the provision was entered in accordance with a settlement agreement which precluded modification of its terms. The trial court granted the motion to dismiss that portion of the petition which requested a modification of the judgment. Petitioner withdrew the remainder of his petition and filed this appeal.

The issue raised by this appeal is whether the trial court erred in finding that a provision in a dissolution judgment which provides for the payment of children's college expenses is not modifiable when that provision is contained in a settlement agreement incorporated into the judgment. We find that the trial court did so err, and we reverse.

■■ As noted above, the agreement in this case specifically precluded modification of its terms. Section 502(f) of the Act deals with modification of settlement agreements:

> "Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the agreement so provides. Otherwise, terms of an agreement set forth in the judgment are automatically modified by modification of the judgment." (Ill. Rev. Stat. 1989, ch. 40, par. 502(f).)

Our decision in this case hinges on whether the provision in question is a term "concerning the support, custody or visitation of children." The historical and practice notes to section 502 state that "[t]he purpose of subsection (f) is to permit the parties to preclude or limit modification of terms pertaining to maintenance, and other matters, *excluding matters pertaining to children*." (Emphasis

added.) (Ill. Ann. Stat., ch. 40, par. 502, Historical & Practice Notes, at 402 (Smith-Hurd 1980).) We conclude that a provision for the payment of a child's college expenses is a "matter pertaining to children" and in the nature of child support.

■ Section 513 of the Act provides in relevant part:

"§513. Support for Non-minor Children and Educational Expenses. *** The Court also may make such provision for the education and maintenance of the child or children, whether of minor or majority age, out of the property and income of either or both of its parents as equity may require, whether application is made therefor before or after such child has, or children have, attained majority age. In making such awards, the court shall consider all relevant factors which shall appear reasonable and necessary, including:

(a) The financial resources of both parents.

(b) The standard of living the child would have enjoyed had the marriage not been dissolved.

(c) The financial resources of the child." (Ill. Rev. Stat. 1987, ch. 40, par. 513.)

Section 513 grants the circuit court the discretion to extend a parent's obligation for support of his or her children beyond their minority when that support is for educational expenses. (*In re Marriage of Harsy* (1990), 193 Ill. App. 3d 415, 549 N.E.2d 995.) "Educational expenses are the exception to the general rule that a parent's responsibility to support his children terminates upon emancipation of the children." *Harsy*, 193 Ill. App. 3d at 424, 549 N.E.2d at 1000.

It is well settled that orders entered pursuant to section 513 are always modifiable. (*In re Marriage of Holderrieth* (1989), 181 Ill. App. 3d 199, 206, 536 N.E.2d 946, 951; *In re Marriage of Alltop* (1990), 203 Ill. App. 3d 606, 561 N.E.2d 394.) In *In re Marriage of Harsy* (1990), 193 Ill. App. 3d 415, 549 N.E.2d 995, the circuit court granted a post-judgment petition requiring a father to establish two trusts for payment of the future college expenses of his minor children. On appeal, the father argued that there was no evidence that the children would even attend college upon becoming of age to do so. In affirming the order, the court stated:

"Clearly, if the child has no need or a lesser need for the provision for educational expenses when he or she reaches college age or if the child's need is greater than that provided for, a modification for these expenses can be sought by either parent from the court and an adjustment to accommodate

that change can be made at that time." *Harsy*, 193 Ill. App. 3d at 423-24, 549 N.E.2d at 1000.

The reason such orders remain modifiable is because the Act provides that all provisions respecting support of children are modifiable at anytime. (Ill. Rev. Stat. 1989, ch. 40, par. 510(a).) In *In re Marriage of Albiani* (1987), 159 Ill. App. 3d 519, 512 N.E.2d 30, the appellant argued that the trial court had erred in its judgment of dissolution by failing to adjudicate the ultimate responsibility for payment of the future academic costs of the parties' minor child. The court affirmed, stating:

"[I]f the parties at the time those expenses are incurred are unable to agree as to how the costs will be shared, the trial court retains jurisdiction to decide the contribution of each party. Indeed, our supreme court has expressed a public policy in favor of the welfare of children, and to this end it has stated that the 'court retains jurisdiction of a divorce proceeding at all times to enforce, adjust or modify the original decree in regard to the custody or care of children as changing circumstances warrant.'" *Albiani*, 159 Ill. App. 3d at 526-27, 512 N.E.2d at 35, quoting *Summer v. Borovic* (1977), 69 Ill. 2d 220, 228-29, 370 N.E.2d 1028.

■ The trial court found that the provision at issue in this case was nonmodifiable because it was part of a settlement agreement which was incorporated into the judgment of dissolution. We disagree. We see no reason why a provision for the payment of college expenses should be modifiable if ordered by the court upon petition pursuant to section 513, but not modifiable if it is contained in a settlement agreement. In either case the purpose of the provision is to support the child.

It is well established that the circuit court has the authority to modify a child support provision in a dissolution of marriage judgment that was entered in accordance with a settlement agreement. (*Blisset v. Blisset* (1988), 123 Ill. 2d 161, 526 N.E.2d 125; *In re Marriage of Geis* (1987), 159 Ill. App. 3d 975, 512 N.E.2d 1354; Ill. Rev. Stat. 1989, ch. 40, pars. 502(f), 510(a).) Our supreme court has held that "the statutory power of a court to reduce the amount of *** child support, is not defeated by the fixing of the amount of the payments in a settlement agreement which was incorporated in the decree." *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 370, 410 N.E.2d 31.

In *In re Marriage of Falat* (1990), 201 Ill. App. 3d 320, 559 N.E.2d 33, the circuit court granted a post judgment petition re-

questing an increase in child support while the parties' two adult children were attending college but living with their mother. On appeal, the father argued, *inter alia*, that while under the terms of a settlement agreement he agreed to continue child support while his children were in college, he did not agree to an increase in child support for his adult children. The court affirmed, holding that "[i]n marriage dissolution proceedings, a court is not bound by the agreements between the parties providing for the support of children." *Falat*, 201 Ill. App. 3d at 327, 559 N.E.2d at 38.

The two cases cited by the respondent in her motion to dismiss are distinguishable from the case at bar. In *In re Marriage of Houston* (1986), 150 Ill. App. 3d 608, 501 N.E.2d 1015, a husband was found in contempt for failure to pay college expenses which had been allocated solely to him in the settlement agreement incorporated into the judgment for dissolution. The court specifically noted that the case involved only a petition to enforce a settlement agreement and not a petition to modify the judgment. The court therefore rejected the husband's argument that he should have been allowed to present evidence at the contempt hearing bearing on the factors set forth in section 513 of the Act. "To hold otherwise would convert every proceeding under section 502 [citation] into a *de novo* review of the settlement agreement, rendering that statute a nullity." *Houston*, 150 Ill. App. 3d at 614, 501 N.E.2d at 1019.

Initially, we note that the instant case involves a petition for modification of judgment, not enforcement. Moreover, we agree with the court in *Houston* that the factors set out in section 513 are irrelevant in enforcement proceedings. Those factors are likewise irrelevant in a modification proceeding. The pertinent question in determining whether to grant a petition for modification of a provision for payment of college expenses is the same as that on a petition to modify any other support term. That is, whether the petitioner has shown a substantial change in circumstances (Ill. Rev. Stat. 1989, ch. 40, par. 510(a)).

Respondent also relied on *In re Marriage of Holderrieth* (1989), 181 Ill. App. 3d 199, 536 N.E.2d 946. That case, like *Houston*, dealt specifically with enforcement of a settlement agreement, not modification, and is therefore inapposite to the case at bar.

In summary, we find that a provision in a dissolution judgment for the payment of a child's college expenses is a term in the nature of child support. The circuit court therefore retains jurisdiction to modify such a provision at anytime pursuant to sections 502 and 510 of the Act regardless of whether the provision was ordered

by the court under section 513, or incorporated into the judgment as a result of a settlement agreement. We do not hold that the provision at issue in this case should or should not be modified, but only that such provisions are modifiable. The order of the circuit court dismissing in part petitioner's petition for modification of judgment is reversed and the case remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY, P.J., and STOUDER, J., concur.