*In re* MARRIAGE OF CONNIE R. HEIL, Petitioner-Appellant, and DOUG-LAS W. HEIL, Respondent-Appellee.

Fifth District    No. 5—91—0277

Opinion filed September 1, 1992.

Robert H. Rath, of Rath & Fornes, of Harrisburg, for appellant.

Michael V. Oshel, P.C., of Harrisburg, for appellee.

JUSTICE HENRY LEWIS delivered the opinion of the court:

Petitioner, Connie R. Heil, appeals from a judgment of the circuit court of Saline County denying her petition for modification of child support. Petitioner contends that the court abused its discretion in denying the petition, because she did, in fact, show a "substantial change in circumstances" as required by the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1991, ch. 40, par. 510(a)) (hereinafter Dissolution Act).

During Douglas and Connie Heil's marriage, two daughters were born. Angela Dawn Heil was born August 17, 1973, and Candace L. Heil was born January 5, 1976. The parties, Douglas and Connie Heil, were divorced on July 14, 1978. Their daughters were almost 5 years old and 2½ years old, respectively. Under the terms of the judgment for dissolution, Connie was awarded custody of the two girls. The divorce decree required that respondent pay $25 a week per child for each of their two daughters. Additionally, respondent was required to pay 10% of the amount of undistributed net profits paid over to the respondent at the close of the business fiscal year from his men's clothing store, Stricklin Men's Wear (Stricklin), for the duration of the partnership. However, if the respondent became a majority and controlling shareholder of Stricklin, the 10% would increase to 20% of the profits. When the first of the minor children attained 18 years of age, died, or became emancipated, the percentage would be reduced to 10%. Respondent was also required to pay his daughters' medical, dental, ophthalmological, and optometric expenses.

Petitioner filed her petition for modification of child support on October 4, 1989, stating that the respondent's income, the costs of supporting the minor children, and the needs of the minor children had substantially increased since the judgment of dissolution.

On August 6, 1990, a hearing was held on the petition for modification. Both parties testified. The trial court entered an order on March 21, 1991, dismissing the petition for modification. More specifically, the court determined that petitioner failed to meet her burden of proof because she did not show "anything with respect to the financial circumstances of petitioner or the children." Further, the court stated that "[t]he personal income of respondent does not appear to require an increase." This appeal followed.

Petitioner contends that she did, in fact, demonstrate a substantial change in circumstances. We agree.

■ Section 510(a) of the Dissolution Act (Ill. Rev. Stat. 1991, ch. 40, par. 510(a)) provides that a child support judgment can be modified only upon a showing of a "substantial change in circumstances." (*Fedun v. Kuczek* (1987), 155 Ill. App. 3d 798, 801, 508 N.E.2d 531, 533.) After the threshold question of whether a substantial change in circumstances has occurred is answered, then and only then may the court determine the amount of the increase in child support. (*Fedun*, 155 Ill. App. 3d at 802, 508 N.E.2d at 534.) After the court finds a substantial change in circumstances under section 510(a), the same factors are considered in setting the amount of modified child support as were considered in determining the original amount under section 505. (*Fedun*, 155 Ill. App. 3d at 802, 508 N.E.2d at 534.) The relevant factors that the court is to consider are the following:

"(a) the financial resources of the child;

(b) the financial resources and needs of the custodial parent;

(c) the standard of living a child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child, and his educational needs; and

(e) the financial resources and needs of the non-custodial parent." Ill. Rev. Stat. 1991, ch. 40, pars. 505(a)(2)(a) through (a)(2)(e).

The modification of child support rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. (*In re Marriage of Dall* (1991), 212 Ill. App. 3d 85, 96, 569 N.E.2d 1131, 1138.) Abuse of discretion occurs "where no reasonable man would take the view adopted by the trial court." (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126, 129.) More recently, it has been stated that abuse of discretion occurs when a court's decision is against the manifest weight of the evidence. *In re Marriage of Stamberg* (1991), 218 Ill. App. 3d 333, 336, 578 N.E.2d 261, 262.

In the case at bar, the trial court did not find that a substantial change in circumstances had occurred. We disagree. The following relevant facts were adduced at the hearing: at the time of the divorce, respondent was a partner and joint owner of Stricklin. In the mid-1980's, respondent purchased his partner's interest in Stricklin and became the sole owner. At the time of the divorce, respondent made $200 gross per week. After respondent became the sole owner, he received director's fees which, in 1989, amounted to $4,250. Additionally, the respondent received $100 per week from his current wife's company, Harrisburg Truss Company. Therefore, respondent's undisputed gross income is as follows:

| | |
|---|---|
| Stricklin salary | $ 10,400 |
| Stricklin director's fee | 4,250 |
| Harrisburg Truss Company | 5,200 |
| Total | $ 19,850 |

Hence, it is undisputed that respondent's income has increased. The increased ability of the obligor parent alone can justify an increase in child support. (*Legan v. Legan* (1979), 69 Ill. App. 3d 304, 308-09, 387 N.E.2d 413, 416.) It should be noted that the *Legan* court stated, "Only some change in circumstances of any nature which would justify equitable action by the court in the best interests of the children *** is required." (69 Ill. App. 3d at 308-09, 387 N.E.2d at 416.) Thus, without considering respondent's benefits that he receives due to his self-employment, respondent's income has almost doubled. At the time of the divorce, respondent's gross income was approximately $10,400, and his undisputed gross income is now $19,850.

■ The primary difficulty in setting the proper amount of child support in this case is the difficulty in ascertaining respondent's income. According to section 505(a) of the Dissolution Act, the minimum amount of support for two children is 25% of the supporting party's net income as defined by statute. (*In re Marriage of Lefler* (1988), 185 Ill. App. 3d 677, 681, 542 N.E.2d 1, 4, *appeal denied* (1989), 128 Ill. 2d 664, 548 N.E.2d 1071.) "Net income" is defined as the total of all income from all sources, minus the following deductions:

"(a) Federal income tax (properly calculated withholding or estimated payments);

(b) State income tax (properly calculated withholding or estimated payments);

(c) Social Security (FICA payments);

(d) Mandatory retirement contributions required by law or as a condition of employment;

(e) Union dues;

(f) Dependant and individual health/hospitalization insurance premiums;

(g) Prior obligations of support or maintenance actually paid pursuant to a court order;

(h) Expenditures for repayment of debts that represent reasonable and necessary expenses for the production of income, medical expenditures necessary to preserve life or health, reasonable expenditures for the benefit of the child and the other parent, exclusive of guests. The court shall reduce net income in determining the minimum amount of support to be ordered only for the period that such payments are due and shall enter an order containing provisions for its self-executing modification upon termination of such payment period." Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(3).

■ The respondent receives many benefits because he is self-employed that do not appear on his personal income tax statement. In August of 1988, Stricklin, which is now incorporated, purchased a hunting lodge in Pope County. The mortgage payment on the lodge is $500 per month plus $300 per year for real estate taxes and insurance which is also paid by the corporation. The corporation pays a yearly life insurance premium in the amount of $1,330. Another benefit respondent receives is that his wife's company pays a $200 health insurance premium for respondent. Because respondent is self-employed, it is difficult to determine his true income. This is especially true because he is the sole decision-maker in determining how much money is left in his corporation and the amount of money which is taken out and paid over to him. The primary problem with respondent receiving such benefits is that an obligor parent who is not self-employed would not receive such benefits in addition to other income.

Section 505(3)(h) of the Dissolution Act exempts "[e]xpenditures for repayment of debts that represent reasonable and necessary expenses for the production of income" from a supporting parent's net income for the purpose of calculating child support (Ill. Rev. Stat. 1991, ch. 40, par. 505(3)(h)). (*In re Marriage of Cornale* (1990), 199 Ill. App. 3d 134, 136, 556 N.E.2d 806, 808.) We believe that one-half of the mortgage payment on the hunting lodge, $250 per month, plus one-half of the taxes and insurance, $150 per year, should be added into respondent's income when determining his true income for child support purposes. Although the respondent

stated that the hunting lodge is used as a benefit to good customers of Stricklin, the respondent admitted that he and his family used the hunting lodge at least 50% of the time. Thus, $3,150 income should be imputed to the respondent's personal income because the record contains no indication that at least one-half of these payments were reasonable and necessary expenditures for the production of income. *Cornale*, 199 Ill. App. 3d at 136, 556 N.E.2d at 808.

We do not, however, believe that respondent's yearly life insurance premium of $1,330 which is paid by the corporation should be added into respondent's income. The respondent testified that the previous beneficiary to the aforementioned insurance policy was his father, James Wayne Heil. However, respondent stated that he was currently in the process of changing the beneficiary designation to his current wife. Therefore, if the respondent died, his current wife would receive the proceeds, which would enable her to carry on Stricklin. This money could be used for the benefit of Stricklin and should not be supplemented to respondent's personal income.

Although petitioner claims that the respondent's health insurance premium, which Harrisburg Truss Company pays for him, should be added into respondent's personal income, we decline to do so. According to section 505(a)(3)(f) (Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(3)(f)), dependent and individual health/hospitalization insurance premiums are deducted from the obligor parent's gross income to arrive at the obligor's net income.

Therefore, respondent's true gross income, for child support purposes, is at least $23,000 per year. We arrived at this figure by adding his income from Stricklin ($10,400 per year), director's fees from Stricklin ($4,250 per year), income from Harrisburg Truss Company ($5,200 per year), one-half of the monthly mortgage payment on the hunting lodge which is paid by the corporation ($3,000 per year), and one-half of the insurance and taxes on the hunting lodge which is also paid by the corporation ($150 per year).

Petitioner testified that her current gross income is $15,000 per year. However, the petitioner stated that in 1989 she worked several hours' overtime, which caused her gross income to be $19,000 per year.

Furthermore, petitioner testified that the costs for necessary expenses, such as food, housing, transportation, and clothing, for the parties' two daughters had increased since the 1978 divorce. Petitioner testified to the following increases since 1978:

| | Cost at Dissolution (1978) | Current Cost (1989) |
|---|---|---|
| (1) Clothing | $500 per year | $3,000-$4,000 per year |
| (2) Food | $1,820 per year ($35 per week) | $3,900 per year ($150 every two weeks) |
| (3) Spending money | $ None | $780 per year ($15 per week) |

(youngest daughter only, oldest daughter has a job)

| | | |
|---|---|---|
| (4) Allowances (school year) | $ None | $1,080 per year |
| (5) Haircuts | $ None | $120 per year |
| (6) Housing Costs | | |

(Move to larger home necessitated by living in a small two-bedroom home at time of divorce.)

| | | |
|---|---|---|
| (a) Mortgage payment | $110 per month | $175 per month |
| (b) Utilities | | |
|    (1) Water | $96 per year | $300 per year |
|    (2) Electricity | $420 per year | $1,080 per year |
|    (3) Gas | $300 per year | $600 per year |
| (7) Transportation (fuel) | $ None | $260 per year |

Petitioner claims that at the time of the divorce in 1978, her costs for providing for the parties' two daughters were $300 per month. Currently, petitioner believes her costs are between $700 to $1,000 per month. While there may be some question concerning some of the aforementioned amounts, it is sufficient to help show a substantial change in circumstances. (*Fedun*, 155 Ill. App. 3d at 802, 508 N.E.2d at 534.) After the respondent's increased ability to pay is shown, the petitioner may establish increased needs of the children based on the fact that the children have grown older and the cost of living has risen. (*In re Marriage of Falat* (1990), 201 Ill. App. 3d 320, 327, 559 N.E.2d 33, 38.) The trial court may presume that the expenses associated with rearing children increase each year. (*Falat*, 201 Ill. App. 3d at 327, 559 N.E.2d at 38.) Furthermore, respondent admitted that since 1978, the costs of feeding and clothing his two daughters had increased by approximately 10% to 20%.

■ The trial court is justified in increasing child support if the needs of the children and the earnings of the supporting parent have increased since the judgment granting child support was entered. (*Falat*, 201 Ill. App. 3d at 327, 559 N.E.2d at 38.) On the basis of the record before us, petitioner clearly established both increased expenses for her daughters and respondent's increased ability to support them. Hence, we find an abuse of discretion in the circuit court's dismissal of petitioner's petition for modification and find that the record supports an increase in child support in an amount calculated pursuant to section 505(a) of the guidelines. (*In re Marriage of Partney* (1991), 212 Ill. App. 3d 586, 589, 571 N.E.2d 266, 270.) Even though the guidelines are in the nature of a mandate to the court, an award of the guideline amount which exceeds the reasonable needs of the children can be an abuse of discretion. (*Partney*, 212 Ill. App. 3d at 590, 571 N.E.2d at 270.) In our opinion, a review of the record demonstrates that petitioner sufficiently proved that there had been an increase in the needs of the children and of the household. We believe that the petitioner demonstrated that the needs of the parties' minor children were reasonable. We find respondent's gross income, for the purpose of determining child support, to be at least $23,000 per year. Since inadequate testimony was elicited on respondent's payments for Federal and State income taxes and FICA tax, we cannot determine respondent's net income. Thus, we believe this case should be remanded for a determination of respondent's net income based on our determination that respondent's gross income is $23,000 per year. The question of whether modification should be retroactive is within the sound discretion of the trial court. (*In re Marriage of Ingrassia* (1986), 140 Ill. App. 3d 826, 832, 489 N.E.2d 386, 390.) Section 510(a) of the Dissolution Act does not mandate that modification of maintenance and support be retroactive to the date a petition is filed. (*Ingrassia*, 140 Ill. App. 3d at 832, 489 N.E.2d at 390.) Section 510(a) states:

> "[T]he provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to due notice by the moving party of the filing of the motion for modification and only upon a showing of substantial change in circumstances." (Ill. Rev. Stat. 1991, ch. 40, par. 510(a).)

Thus, once a petition has been filed and upon a showing of a substantial change in circumstances, support payments *can* be modified as of the date the petition was filed. (*In re Marriage of Roth* (1981), 99 Ill. App. 3d 679, 687, 426 N.E.2d 246, 253.) The decision by the court to make the modification retroactive, however, is purely discretionary. (*Roth*, 99 Ill. App. 3d at 687, 426 N.E.2d at 253.) For these reasons,

we reverse the trial court's order and remand the case for a determination of respondent's net income and the entry of an order based on the aforementioned analysis, retroactive to the date of the judgment, March 21, 1991.

Reversed and remanded.

HARRISON and RARICK, JJ., concur.