*In re* MARRIAGE OF PERLETTE J. SCHMEROLD, Petitioner-Appellee, and WILFRIED L. SCHMEROLD, Respondent-Appellant.

Second District    No. 80-70

Opinion filed September 16, 1980.

Gary L. Taylor, of Rathje, Woodward, Dyer & Hunt, of Wheaton, for appellant.

Smith & Munson, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Wilfried Schmerold, the former husband (respondent), appeals from a post-divorce decree increasing the amount of child support to his former wife, Perlette Schmerold (petitioner). He contends that there has been no substantial change in circumstances to justify the modification. We note at the outset that the appellee did not file a brief. However, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, we consider the merits of this appeal.

On April 1, 1974, the parties were divorced after 12 years of marriage. Petitioner was given custody of the parties' eight minor children. Respondent was ordered to pay $250 per month alimony and $1000 per month in child support. The marital home was awarded to petitioner who was then responsible for the mortgage, taxes, and upkeep. Respondent was ordered to maintain health insurance for the children and to pay for extraordinary medical and dental expenses. In 1977, the child support was increased to $1250 per month, at which time respondent's gross income was $106,510.

On March 26, 1978, the petition in question for an increase in child support was filed. At the December 26, 1979, hearing it was disclosed that respondent was a medical doctor specializing in dermatology. Respondent's tax returns for the preceding three years, which were introduced into evidence, disclosed the following income and expenses:

| Year | Gross Receipts | Bus. Ded. | Adj. Gross Inc. | Federal Tax |
|------|----------------|-----------|------------------|-------------|
| 1976 | 106,510 | 46,164 | 52,846 | 10,363 |
| 1977 | 120,058 | 50,678 | 54,342 | 14,458 |
| 1978 | 114,215 | 54,373 | 43,348 | 9,814 |

There was also testimony that petitioner is 46 years old and has custody of the eight children, ages eight through 17. She worked for one year following the divorce as an LPN, but was hospitalized with phlebitis, and was forced to quit. Petitioner also stated she found it difficult to work and provide for the needs of the eight minor children. Petitioner testified that her outstanding debts totaled $6,500, including a $1200 loan from respondent. Petitioner's ordinary monthly expenses totaled $1738.50.

Louise Lelivelt, the principal of the elementary school attended by four of the Schmerold children, testified on petitioner's behalf. She stated that the children received free lunches provided by the Federal lunch program. In addition, Ms. Lelivelt testified that the children were inadequately clothed for the weather. In 1978, in an effort to rectify the

situation, Ms. Lelivelt contacted petitioner, who explained her economic circumstances. The witness then contacted respondent, who agreed to spend 2½ hours purchasing clothing for the children with the witness' assistance. He refused, however, to buy coats for the children as they had not taken care of them in the past. On that day, respondent spent approximately $500 buying some items for each child.

Shortly before the hearing, Ms. Lelivelt visited the Schmerold residence. She testified that the condition of the home was totally unacceptable for children to live in. The children were sleeping in sleeping bags on old lumpy mattresses; the floors and windows were in need of repair; the hot water heater was broken; the tiles were off the bathroom fixtures; and the shower leaked.

Respondent then testified that in addition to the payments to petitioner and their children, he pays $5,400 per year in alimony to a former wife who lives in Germany. He also stated that "last year" he paid $3000 in orthodontist bills, $5,000 in doctor bills and $1500 for medical insurance. (This figure does not conform to his 1978 income tax return where he claimed to have paid $2987 total for medical and dental expenses and approximately $1600 for insurance.) On cross-examination, respondent admitted that the pediatricians did not charge him for his children's medical expenses. He also admitted knowing that the neighbors had purchased Christmas gifts for his children, and that his parish had delivered food for the family's Christmas.

Following the hearing the trial court ordered an increase in support to $2000 per month, from which order the appeal has been taken.

■■ Under section 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 510(a)), modification of child support may be made only upon a showing of substantial change in circumstances. The decision to modify rests within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. (*Westerberg v. Stephens* (1979), 76 Ill. App. 3d 119, 121.) In order to establish a substantial change in circumstances the petitioning party must show an increased ability of the supporting spouse to pay and increased needs of the children since the previous order. (*Gauger v. Gauger* (1979), 70 Ill. App. 3d 378, 386.) Where a former spouse's ability to pay is shown, the fact that children have grown older and the cost of living has risen are proper bases for establishing increased need, considering the best interests of the children. (*Addington v. Addington* (1977), 48 Ill. App. 3d 859, 863.) The increase in the children's needs must be balanced against the relative ability of the parents to provide for them, and where a change has occurred which creates "a substantial imbalance between the child's needs and the parent's support capabilities"

modification is required. *In re Sharp* (1978), 65 Ill. App. 3d 945, 949. See also *Robin v. Robin* (1977), 45 Ill. App. 3d 365, 371.

In this case, the prior support order was entered in February of 1977, fixing the payments for the support of the eight children at $1250 per month. The court could properly conclude that in the intervening approximate three-year period the needs of the children had increased as four of the children became teenagers; and the court could also take into consideration the fact that the cost of living had substantially increased in the period. The fact that the petitioner was no longer able to work at her profession because of a physical disability and the need to supervise the large family in their formative years could also constitute a material change in circumstances.

The change in the respondent's income raises more difficult questions. Since the prior order in 1977 the doctor's gross receipts based upon his income tax returns had increased from $106,510 in 1976 to $120,058 in 1977 and to $114,215 in 1978. Respondent argues that his adjusted gross income actually decreased by $9,498 comparing the 1976 tax return with that in 1978. He argues that even if we disregard the expenses of the business, which essentially did not significantly change, it appears that the trial court has increased respondent's child support obligations by 60% based at best on a 6½% increase in respondent's total receipts from his occupation.

■■ We must agree that the record does not clearly support the amount of the increase which was awarded. However, once the court properly finds that there is a substantial change in circumstances it is not confined in its determination to a "precise equation of percentage change." (See *In re Sharp* (1978), 65 Ill. App. 3d 945, 949.) It was therefore not improper for the court to conclude that since there was a major imbalance between the basic needs of the children and the amount available for their support, certain deductions in the tax returns for attending seminars and for business entertainment were not paramount to the needs of the children. We recognize the need for a professional man, such as a doctor, to continue his education and to build his future earning capacity by various business expenditures. However, the opportunity of one in that situation to shelter some of his taxable income is obvious also, and paramount among a father's obligations is proper support for eight minor children. We conclude that the trial court properly found that the circumstances called for an increase in payment.

■■ However, we cannot agree that the extent of the increase has been properly substantiated on the record before us. We therefore reverse the judgment of the trial court and remand the cause for a new determination of the proper amount of increase. In that determination the inquiry should

focus on the reasonable requirements for the support of the children, on whether the petitioner cannot work either for physical reasons or consistent with her required obligations for her family and on a thorough analysis of the respondent's financial circumstances.

Reversed and remanded with directions.

LINDBERG and NASH, JJ., concur.