*In re* MARRIAGE OF HARRY L. BOYDEN, Petitioner-Appellant, and MARY A. BOYDEN, Respondent-Appellee.

Second District No. 2—87—0434

Opinion filed December 30, 1987.

William P. Fearer II, of Fearer, Nye, Ahlberg & Chadwick, of Oregon, for appellant.

Mary A. Boyden, *pro se,* and Dennis J. Riley, both of Byron, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Petitioner, Harry Boyden, appeals from a judgment of the circuit court of Ogle County modifying a child support award and requiring him to pay "back" child support. Petitioner contends that (1) respondent, Mary Boyden, did not meet her burden of proof; (2) the trial court should not have relied on certain statutory provisions in making its ruling; (3) suspended child support was improperly reinstated; and (4) standards for monitoring the use of child support funds should have been established. We affirm in part and reverse in part.

The parties were divorced on May 10, 1974. The divorce decree did not provide for alimony, but did require that petitioner pay $25 a week in child support for their minor child, Scott. In July 1983, the child support payments were suspended due to petitioner's unemployment. Petitioner was remarried, and, in December 1984, petitioner's wife purchased a winning Illinois lottery ticket and placed the winnings in petitioner's name.

Respondent filed her original petition for child support in April

1986 and her amended petition in October 1986. Respondent's amended petition stated that petitioner's income had substantially increased and sought reasonable child support, medical expenses, and reimbursement for child care expenditures made in 1985. After a hearing where both parties testified, the trial court ordered petitioner to make monthly child support payments of $2,250 retroactive to May 1, 1986. The court also ordered petitioner to pay $3,675 in "back" support for the period of suspension. Petitioner brought this timely appeal.

Petitioner first contends that respondent failed to show that a substantial change in circumstances occurred. We disagree.

Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)) provides that a support judgment can only be modified after showing a substantial change in circumstances. To satisfy this burden, the petitioning party must show that the supporting spouse has an increased ability to pay *and* the child receiving support has increased needs. (*In re Marriage of Schmerold* (1980), 88 Ill. App. 3d 348, 350.) If a former spouse's increased ability to pay is shown, the fact that the child receiving support has grown older and the cost of living has risen are proper bases for establishing increased need. (88 Ill. App. 3d at 350.) Modification is required where there is a substantial imbalance between the supporting parent's capabilities and the child's needs. (88 Ill. App. 3d at 350-51.) The decision to modify rests within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *In re Marriage of Morrisroe* (1987), 155 Ill. App. 3d 765, 770-71.

At the hearing, respondent testified that the expenses for her son increased after he entered high school. Specifically, respondent stated that Scott was "growing out of his clothes" and was now participating in extracurricular activities. Respondent also called petitioner as a witness. Petitioner testified that he had a 1983 gross income of $2,251. Petitioner further testified that he won the Illinois State lottery in December 1984 and that his winnings from that lottery amounted to $329,084 per year for 20 years. On the basis of the record before us, respondent clearly established both increased expenses for her son and petitioner's increased ability to support him. The trial court appropriately balanced the needs of the child with the significant increase in petitioner's income and did not abuse its discretion in awarding child support.

Petitioner next contends that the trial court improperly used the minimum percentage guidelines set out in section 505(a)(1) of the

Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 505(a)(1)) in calculating the amount of child support. This court has held that the guidelines for minimum support are to be used when considering the modification of a support judgment. (*In re Marriage of Lyons* (1987), 155 Ill. App. 3d 300, 305.) Petitioner does not present any compelling rationale for reconsidering this holding, and we will not disturb it here.

Petitioner nonetheless argues that the trial court abused its discretion in setting the new level of child support. Petitioner argues that the new amount exceeds that required to meet Scott's needs. Petitioner further argues that his increased income would not have occurred had he not remarried, therefore Scott would not have enjoyed a higher standard of living had the parties remained married. We find these arguments equally without merit.

■ ■ A court may order a support payment which exceeds the known needs of the child. (See *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 297.) When setting an amount for modification of child support, the court may consider the same factors used when formulating an original support order. (*In re Marriage of Lyons* (1987), 155 Ill. App. 3d 300, 305.) These factors include the standard of living the child would have enjoyed if the marriage had not been dissolved and the financial resources of the noncustodial parent. Ill. Rev. Stat. 1985, ch. 40, par. 505(a)(2).

■ In the instant case, while petitioner might not have received the increased income had he remained married to respondent, his financial resources have nonetheless increased dramatically. The court weighed the various factors and determined an appropriate level of support. We cannot say that the granting of child support in the sum of $2,250 a month was an abuse of discretion.

Petitioner next contends that the trial court erred in requiring him to pay $3,675 for "back" child support. We agree.

■ Section 510(a) of the Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)) states that modifications of support are only applicable to payments made after the filing of the modification petition. Respondent's petition was filed in April 1986. The "back" payments represented a reinstatement of payments which were originally suspended by court order and which would have been due from July 1983 to the date of filing of the petition. Clearly, the trial court's action as to these amounts was beyond the power granted to it by statute. (See *Nerini v. Nerini* (1986), 140 Ill. App. 3d 848, 854; *Rodgers v. Rodgers* (1983), 118 Ill. App. 3d 334, 336.) Accordingly, that portion of the order requiring the petitioner to pay $3,675 is reversed.

■ Finally, petitioner contends that standards should have been

established to monitor the use of child support funds. We note that petitioner provides no authority in support of this position, thus violating Supreme Court Rule 341(e)(7) (107 Ill. 2d R. 341(e)(7)). Arguments made without citation of supporting authority are waived on appeal. (*In re Marriage of Anderson* (1985), 130 Ill. App. 3d 684, 689.) Therefore, petitioner's final argument is considered waived.

For the foregoing reasons, the decision of the circuit court of Ogle County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

LINDBERG, P.J., and WOODWARD, J., concur.