1573

Susan P. LINEBERGER, Respondent v. Larry W. LINEBERGER, Appellant.

(399 S.E. (2d) 786)

Court of Appeals

*Adam Fisher, Jr.,* Greenville, *for appellant.*

*David H. Wilkins* and *John W. Kittredge,* of *Wilkins, Nelson & Kittredge,* Greenville, *for respondent.*

Heard Oct. 18, 1990.

Decided Nov. 26, 1990.

SHAW, Judge:

Respondent Susan P. Lineberger instituted this action against respondent Larry W. Lineberger seeking a divorce, alimony, payment of college expenses for a son, equitable division of marital property and for attorney fees and costs. The parties entered into a property settlement and asked the court to approve it but the judge refused to approve the settlement and held it was unfair to wife. He then gave both parties 30 days to amend their pleadings.

Following a hearing on the amended pleadings, the court granted wife a divorce on the ground of separation for more than one year, alimony of $2,000 per month plus 15% of any "net bonus," division of the marital estate—55% to husband and 45% to wife, and attorney fees and costs. We affirm.

The parties were married in 1961 and are the parents of two adult children. They married when the wife was in high school and the husband was a freshman in college. Both worked while husband was completing his degree. She was the primary caretaker of the home and children. When the children got older, wife returned to school and earned undergraduate and graduate degrees.

Regarding alimony, the wife is forty-four years old and is in good health. She is employed as a counselor and earns $1,142 per month net. She lists monthly expenses of $3,386. The hus-

band is forty-five years old and is in good health. He is an executive with Fluor-Daniel and has a net monthly income of $6,858. He receives $300 per month as an automobile allowance. Also, he receives a performance bonus and a retention bonus at the end of each year in unspecific amounts. (In January of 1989, he received $27,500 performance bonus and $7,259 as a retention bonus). He claims monthly expenses of $5,416.

Husband claims his bonuses are separate property because he did not physically receive them until after the date of filing of the legal action. We disagree. In this state, marital property is property "acquired by the parties during the marriage." (S.C. Code Ann. § 20-7-473 (1976, as amended)). This court has previously held that pensions and other benefits are clearly marital property because they are compensation for services performed during the marriage although not received until a later time. *Noll v. Noll*, 297 S.C. 190, 375 S.E. (2d) 338 (Ct. App. 1988); *Martin v. Martin*, 296 S.C. 436, 373 S.E. (2d) 706 (Ct. App. 1988).

Factors to be considered in awarding alimony are: (1) the financial condition of husband and the needs of wife; (2) the age and health of the parties, their respective earning capacities, their individual wealth; (3) wife's contribution to the accumulation of their joint wealth; (4) the conduct of the parties; (5) the respective necessities of the parties; (6) the standard of living; (7) the duration of the marriage; (8) the ability of husband to pay alimony; and (9) the actual income of the parties. *Lide v. Lide*, 277 S.C. 155, 283 S.E. (2d) 832 (1981).

In the award of additional alimony of 15% of husband's net bonuses, we hold the trial court was within his discretion because the amounts are different each year and the bonuses have been a part of the overall income of the parties for many years. A decision of the trial judge will not be disturbed on appeal unless an abuse of discretion is shown. *Thornton v. Thornton*, 294 S.C. 512, 366 S.E. (2d) 37 (Ct. App. 1988).

Regarding the remaining issues, we have considered oral arguments of counsel, reviewed the entire record, and, applying settled principles of domestic law, we hold the trial judge diligently considered the evidence presented to him and he properly exercised his discretion in making the awards, there-

fore the remaining issues raised in this case are manifestly without merit. S.C. Code Ann. § 14-8-250 (Supp. 1988).

Affirmed.

GARDNER and CURETON, JJ., concur.