*In re* MARRIAGE OF ROBERT GLICKMAN, Petitioner-Appellee, and HARDEYE S. GLICKMAN, Respondent-Appellant.

First District (1st Division)   No. 1—89—2525

Opinion filed March 25, 1991.

Kalcheim, Schatz & Berger, of Chicago, for appellant.

Grund, Marcus, McNish, Knabe & Nadler, of Chicago (David I. Grund and Linda J. Kroning, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This is an appeal from an order granting the motion of petitioner Robert J. Glickman to dismiss the amended petition of respondent Hardeye S. Glickman for an increase in child support and to terminate unallocated maintenance and child support. On appeal, respondent claims that child support is always subject to modification upon a showing of a substantial change in circumstances.

On May 25, 1983, the parties obtained a judgment for dissolution of marriage which incorporated a marital settlement agreement. That agreement provided, *inter alia*, that (1) both parties would have joint custody of their two minor children; (2) petitioner agreed to make monthly payments for the unallocated support and maintenance of the children and respondent with the payments based on a decreasing scale and terminating in the year 2002; all payments were taxable to respondent and deductible to petitioner for the purposes of Federal income taxes; (3) in the event of respondent's remarriage, the unallocated support and maintenance payments would be reduced by 50%; and (4) respondent agreed not to seek additional child support or maintenance from petitioner by court action or otherwise and agreed to indemnify him and hold him harmless from additional support.

In 1987, respondent, who remarried three days after filing the petition, sought an increase in child support and to terminate unallocated maintenance and child support. In 1989, the trial court granted petitioner's motion to dismiss the petition and stated the following reasons: (1) the petition was inadequate in its specificity as to a change in circumstances; (2) the parties' marital settlement agreement contemplated respondent's remarriage; and (3) the issue as to the modifiability of the marital settlement agreement was not adequately addressed in the petition. The court granted respondent 21 days to file an amended petition.

Respondent then filed an amended petition to increase child support and to terminate unallocated maintenance and child support. Re-

spondent made the following allegations: (1) at the time when judgment for dissolution of the marriage was entered, the children's monthly expenses were $3,359.30; (2) the children's monthly expenses were $5,225.48 when the amended petition was filed; (3) petitioner's income had substantially increased while the payments for unallocated maintenance and child support have decreased; (4) the children were entitled to have the standard of living they would have enjoyed had the marriage not been dissolved; and (5) her agreement not to seek additional child support or maintenance was unenforceable and contrary to public policy in Illinois.

The trial court granted petitioner's motion to dismiss the amended petition for an increase in child support and to terminate unallocated maintenance and child support. In so ruling, the court stated that "the standard of living and modifications have not been adequately pleaded. I don't think they can be pleaded outside of some catastrophic incident that has taken place between the entry of the judgment for dissolution and today's date." A timely notice of appeal followed.

■ Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act provides that except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of the terms if the agreement so provides. Ill. Rev. Stat. 1981, ch. 40, par. 502(f).

■ Respondent claims that *In re Support of Burks* (1981), 100 Ill. App. 3d 700, 427 N.E.2d 353, supports the proposition that child support is always modifiable despite any terms otherwise set forth in a marital settlement agreement. We agree. In *Burks*, the settlement agreement provided for a series of installment payments which represented a lump sum property settlement in lieu of alimony and child support. We held that the portion of the payment relating to the disposition of the parties' property was not modifiable. However, we did state that child support is modifiable even when combined with nonmodifiable alimony or maintenance. The case was remanded to the trial court for a determination as to whether the judgment should be modified insofar as it related to child support and, if so, to what extent it should have been modified. Thus, the trial court was to exercise its discretion in determining whether a substantial change in circumstances had occurred to warrant a modification of child support.

Petitioner counters that a marital settlement agreement, which has been incorporated in the judgment dissolving the marriage, will be interpreted according to the same principles of construction applied to other contracts. The contract must expressly state the par-

ties' intent to limit modification to specific circumstances. Where the judgment expressly precludes or limits by clear and precise language any modification, the trial court must give effect to that expression of the parties' intentions. *In re Marriage of Mateja* (1989), 183 Ill. App. 3d 759, 540 N.E.2d 406.

■ Although the *Mateja* court upheld a provision in the settlement agreement which stated "[t]he parties further agree that the terms of the agreement shall be non-modifiable," *Mateja* is distinguishable from the case at bar. *Mateja* held that a judgment may expressly preclude or limit modification of the terms pertaining to *maintenance* if the settlement agreement so provides (*Mateja*, 183 Ill. App. 3d at 761); however, here the issue involves modification of child support, and our legislature and courts have clearly enunciated that a judgment or settlement agreement incorporated therein cannot preclude or limit modification of terms concerning support, custody or visitation of children. Ill. Rev. Stat. 1981, ch. 40, par. 502(f); *Burks*, 100 Ill. App. 3d 700.

■ Once a petition for modification of child support has been presented, the court's paramount consideration must be whether a substantial material change in circumstances has occurred since the entry of the judgment which would allow the court to alter the existing award of child support. The modification of such support lies within the sound discretion of the trial court. Absent an abuse of discretion, the trial court's decision will not be disturbed on appeal. *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 483 N.E.2d 1229.

Petitioner urges that the holding in *In re Marriage of Stadheim* (1988), 170 Ill. App. 3d 19, 523 N.E.2d 1258, is applicable here. In *Stadheim*, petitioner sought an increase in her unallocated maintenance and child support payments. The trial court determined that a substantial change of circumstances had occurred since entry of the divorce decree and an increase in child support was warranted to compensate for the effects of inflation and the increased needs of the children as they matured. In reversing the trial court on this issue, this court held that a substantial material change in circumstances had not been shown beyond that contemplated and ultimately provided for by the parties in their settlement agreement. However, in *Stadheim*, we further stated that the evidence presented by Barbara "consisted mainly of incomplete, uninformative 'guesstimates'" and that "the only semi-articulate arguments advanced by Barbara were that the cost of living has increased and that the children have grown older." *Stadheim*, 170 Ill. App. 3d at 25.

In the present case, respondent also has argued for an increase in child support because the cost of living has increased and the children have grown older. However, she has additionally pleaded that the petitioner's income has substantially increased and the expenses of the children have substantially increased since the entry of the judgment. With respect to such allegations, the respondent submitted a copy of her average monthly expenses affidavit prepared in 1984 which listed the children's monthly expenses as $3,359.30 and a current affidavit which showed their total monthly expenses as $5,225.48.

■■ ■ We have reviewed the record and based upon that review found that the judgment of dissolution provided that respondent would receive $6,375 per month from May 1, 1983, to April 1, 1993, as and for unallocated support and maintenance. In the event of her remarriage during this time period, the unallocated support and maintenance would be reduced by 50% to $3,187.50. The 50% reduction approximates the children's expenses then listed as $3,359.30. In her amended petition, respondent asserted that the children's expenses increased by $1,866.18, which represents an increase in household, automobile, and their total personal expenses. She further alleged that "Robert's 1987 Federal income tax return stated that his total income was $717,279" while the income shown for 1982 and 1983 was $101,500 and $250,137, respectively. Our courts have held that where a former spouse's ability to pay is shown, the fact that the children have grown older and the cost of living has risen are proper bases for establishing increased need. (*In re Support of Whitney* (1980), 90 Ill. App. 3d 734, 413 N.E.2d 872; *Addington v. Addington* (1977), 48 Ill. App. 3d 859, 363 N.E.2d 151; see also *Schmerold v. Schmerold* (1980), 88 Ill. App. 3d 348, 350, 410 N.E.2d 629.) However, an actual increase in the children's living expenses must be shown, rather than a mere increase in the cost of living generally (*Harner v. Harner* (1982), 105 Ill. App. 3d 430, 434 N.E.2d 465), and the increase in the children's needs must be balanced against the relative ability of the parents to provide for them, and where a change has occurred which creates a substantial imbalance between the childrens' needs and the parents' support capabilities, modification is required. *Schmerold*, 88 Ill. App. 3d at 350-51; *In re Sharp* (1978), 65 Ill. App. 3d 945, 949, 382 N.E.2d 1279.

■ Accordingly, we believe that the trial court's dismissal of respondent's amended petition for increase in child support and to terminate unallocated maintenance and child support was improper. Moreover, section 505 delineates the factors the trial judge must consider before modifying the support obligation. Here, as the trial judge

failed to conduct a hearing, there was no evidence of the parties' income and expenses, the financial resources of the children, if any, or the standard of living the children would have enjoyed had the marriage not been dissolved except the petition and affidavit of respondent. In our opinion, a review of the record based upon these documents alone demonstrates that respondent sufficiently pleaded facts to show that there has been an increase in the needs of the children and of the household. For that reason we reverse the trial court's order as it relates to child support and remand for a hearing.

Order reversed and remanded.

BUCKLEY and O'CONNOR, JJ., concur.