QUINCE, Judge.
The former wife, Marilyn C. Bums, challenges several aspects of the trial court’s equitable distribution and other property issues in this dissolution of marriage action. We find merit only in her argument that the husband was paid a bonus for the fiscal year ending September 30, 1993, and that a por *934 tion of the bonus is a marital asset subject to equitable distribution. See § 61.075, Fla. Stat. (1993).
Marilyn and Gerald Burns were married on September 16, 1978, and separated on July 8, 1993. At the time of the marriage, Gerald owned a business known as Suncoast Duraclean, which was later incorporated and renamed Burns Services, Inc. (Bums Services). During the marriage, Marilyn Burns, who had a high school education and some college, worked at Bums Services. In addition she served as mother and stepmother to the minor children, housekeeper, and helpmate to Gerald for business and social entertainment. Gerald Bums initiated dissolution of marriage proceedings on July 15, 1993. He summarily discharged Marilyn Burns from her position with Bums Services on August 31,1993.
Gerald Bums’ 1993 income tax return indicates he received compensation in the amount of $762,369.00 for that tax year. The other evidence in the record supports the conclusion that a portion of that 1993 income was a year-end bonus. The former husband admits he received some of that bonus money, but he argues the bonus money was paid to him over the next eleven months and he received little compensation during that period. However, his 1994 tax return demonstrates he received compensation during that year in excess of $300,000.00. This 1994 compensation is most assuredly not the same monies he paid taxes on in 1993.
While it is difficult to determine how much of the 1993 income is derived from the bonus, we know the former husband used part of this bonus to purchase a new residence, and he placed some monies in a Paine Webber account and some in a CAP account. To the extent these monies can be identified, they represent a marital asset which should be equitably distributed.
We, therefore, remand this case to the trial court to determine the amount of bonus monies received by the former husband and to equitably distribute those proceeds.
THREADGILL, C.J., and BLUE, J., concur.