No. 2--00--0069

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 MARRIAGE OF ) Appeal from the Circuit Court

STACY J. HUGHES, ) of Ogle County.

)

Petitioner-Appellee, ) 

)

and ) No. 97--D--229

)

RONALD C. HUGHES, ) Honorable

) Michael T. Mallon,

Respondent-Appellant. ) Judge, Presiding.

_________________________________________________________________

Modified Upon Denial of Rehearing

JUSTICE RAPP delivered the opinion of the court:

Respondent, Ronald C. Hughes, appeals from orders of the circuit court of Ogle County entered one year after his dissolution of marriage from petitioner, Stacy J. Hughes, granting her petition to increase child support.  Ronald argues that the trial court erred in determining that a substantial change in circumstances had occurred since the entry of the original judgment for dissolution of marriage.  We reverse.

The record indicates that a judgment for dissolution of marriage was entered on December 2, 1998, between Stacy J. and Ronald C. Hughes.  The judgment apparently was not by agreement of the parties, as it was rendered after the court heard evidence and arguments of the parties.  Pursuant to the judgment, Ronald was ordered to pay child support in the amount of $1,113 per month and nonmodifiable rehabilitative maintenance to Stacy in the amount of $788 per month for a period of 12 months, effective September 1, 1998.  Ronald was also ordered to pay 12 monthly payments on a Honda Odyssey awarded to Stacy, after which time Stacy would be responsible for the debt.

On September 27, 1999, Stacy filed a petition to modify the judgment for dissolution of marriage.  Stacy alleged that (1) because of the termination of the maintenance and car payments, Ronald's expendable income has increased by $1,038 per month; (2) Ronald's income has substantially increased as a result of a promotion; (3) her income is very limited; (4) the children's needs have substantially increased; (5) her income has substantially decreased as a result of the termination of maintenance payments; and (6) her expenses have substantially increased as a result of the termination of the car payments and her responsibility for making the car payments in the amount of $250 per month.

On October 25, 1999, Ronald filed a response denying the allegations of Stacy's petition.  An evidentiary hearing on the petition to modify the judgment for dissolution of marriage was held on November 30, 1999.

Stacy testified that she had become employed since the dissolution and is now earning $1,000 per month as a part-time college clerk, but that, even with the addition of $1,113 per month in child support, she is unable to meet her estimated $3,500 in monthly expenses.  She explained that she is unable to meet her monthly expenses because she no longer receives maintenance and car payments from Ronald.  She also testified that the needs of the children have increased based on day-care expenses, increased school tuition, and extracurricular activities.

Ronald testified as an adverse witness that he is still employed as a new car manager at a car dealership and would earn $72,000 in 1999, several thousand dollars more than in the previous year.  Ronald also testified that the last quarter of each year is slow in the automobile business.

At the close of Stacy's case, Ronald moved for a judgment on the ground that Stacy had failed to show that a substantial change in circumstances had occurred since the 1998 judgment for dissolution of marriage.  The court took the issues under advisement.

On December 15, 1999, the court entered an order granting Stacy's petition to modify and ordered Ronald to pay $1,275 per month for child support.  The court found that "there has been a material change in circumstances requiring modification of the child support as previously ordered."  The court reasoned:

"[Stacy] has show[n] that [Ronald's] financial situation has changed and that change has taken place by the fact that he is no longer responsible [for] $788.00 in maintenance expenses and[,] in addition[,] is not required to pay $250.00 per month towards [Stacy's] automobile."

The court did not make any determination that the needs of the children had substantially increased, although it did note that it was not awarding any additional day-care expenses based on the fact that Ronald is responsible for all uncovered medical, dental, and optical expenses for the children.

On January 7, 2000, the trial court entered a support order and an employer's income withholding order to implement the new child support amount.  On January 13, 2000, Ronald filed a timely notice of appeal.

Ronald submits that the court's finding of a substantial change in circumstances was based on a misapprehension of law and that, therefore, the trial court erred as a matter of law in modifying the judgment for dissolution of marriage.  Ronald contends that a determination of a "substantial change in circumstances" cannot be based on changes in financial conditions contemplated by the judgment for dissolution of marriage.  Specifically, Ronald argues that the termination of maintenance and car payments cannot form the basis for a modification of child support because such termination of payments was contemplated by the original judgment.  Stacy argues that there has been a substantial change in circumstances in that Ronald now has more expendable income due to the cessation of maintenance and car payments to her.

Motions to modify judgments awarding child support are governed by section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/510(a) (West 1998)).  Section 510(a) provides, among other things, that an order for child support may be modified only "upon a showing of a substantial change in circumstances."  750 ILCS 5/510(a)(1) (West 1998).  To satisfy this burden, the petitioner must show that a substantial change in circumstances has occurred since the entry of the judgment.  
In re Marriage of Fazioli
, 202 Ill. App. 3d 245, 251 (1990).  "After the threshold question of whether a substantial change in circumstances has occurred is answered, then and only then may the court determine the amount of the increase in child support."  
In re Marriage of Pylawka
, 277 Ill. App. 3d 728, 731 (1996).

The substance of this appeal revolves around whether a "substantial change in circumstances," required under section 510(a)(1) of the Act to modify child support, may be founded on changes in financial conditions contemplated by the judgment for dissolution of marriage.  This is a question of the legal effect of undisputed facts, which we review 
de novo
.  
Gay v. Dunlap
, 279 Ill. App. 3d 140, 145 (1996); 
In re Marriage of Demattia
, 302 Ill. App. 3d 390, 393 (1999).

In order to establish a substantial change in circumstances, the petitioning party must show an increased ability of the supporting spouse to pay and an increase in the needs of the children since the previous order.  
In re Marriage of Schmerold
, 88 Ill. App. 3d 348, 350 (1980).  The change in circumstances must occur after the date of the decree.  
Dixon v. Dixon
, 45 Ill. App. 3d 934, 937 (1977).

Here, the trial court found that a substantial change in circumstances had occurred as a result of the termination of maintenance and car payments to Stacy.  The increase in Ronald's available income to pay child support following the termination of maintenance and car payments did not constitute a substantial change in circumstances because these events were contemplated and expected by the court when the judgment for dissolution of marriage was entered.

Stacy argues that the judge entering the judgment for dissolution of marriage relied on inaccurate financial information in establishing child support in the amount of $1,113.  A petitioner cannot use a motion to modify as a vehicle for launching a collateral attack on the accuracy of the evidence upon which the court relied in formulating its judgment.  See 
In re Marriage of Bean
, 181 Ill. App. 3d 671, 674 (1989).

In any event, we have also examined this case under section 510(a)(2)(A) of the Act (750 ILCS 5/510(a)(2)(A) (West 1998)).  Section 510(a)(2)(A) of the Act provides that an order for child support may be modified without the necessity of showing a substantial change in circumstances:

"upon a showing of an inconsistency of at least 20%, but no less than $10 per month, between the amount of the existing order and the amount of child support that results from application of the guidelines specified in Section 505 of this Act unless the inconsistency is due to the fact that the amount of the existing order resulted from a deviation from the guideline amount and there has not been a change in the circumstances that resulted in that deviation."  750 ILCS 5/510(a)(2)(A) (West 1998).

Here, the increase of child support from $1,113 to $1,275, a difference of $162 or roughly 14.6%, does not meet the requirements for the modification of an order for child support under section 510(a)(2)(A).  We have examined this case under section 510(a)(2)(A) of the Act merely to determine if an injustice has been done.  We note that this same section is applicable by its own terms only in cases in which a party is receiving certain support services from the Illinois Department of Public Aid and only when at least 36 months have elapsed since the order for child support was entered or last modified.

We conclude that the trial court erred as a matter of law in determining that a substantial change in circumstances permitting the modification of child support had occurred since the entry of the judgment for dissolution of marriage.

For the foregoing reasons, the judgment of the circuit court of Ogle County is reversed.

Reversed.

GROMETER and CALLUM, JJ., concur.