No. 2--00--1277 

IN THE 

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

In re
 MARRIAGE OF ) Appeal from the Circuit Court 

TIMOTHY J. PETERS, ) of McHenry County.

)

Petitioner-Appellee, ) 

) 

and ) 
No. 99--DV--294
 

) 

EILEEN S. PETERS, ) Honorable 

) Joseph P. Condon,

Respondent-Appellant. ) Judge, Presiding.

JUSTICE CALLUM delivered the opinion of the court:

Petitioner, Timothy J. Peters, and respondent, Eileen S. Peters, entered into a marital settlement agreement that reserved one issue for the trial court.  The parties could not agree on whether any part of petitioner's potential stock bonus should be considered marital property.  The court entered a judgment of dissolution of marriage that adopted the parties' settlement agreement and later ruled that no part of the stock bonus would be considered marital property.  Respondent appeals, and we reverse and remand.

The parties married in 1994.  On August 21, 1995, petitioner executed an independent sales representative agreement with Cardinal Container Corporation.  The agreement included a provision that, if petitioner represented the company for 10 consecutive years and averaged a certain amount in annual collected gross profits, the company would transfer a percentage of its stock to him.  If petitioner averaged $125,000 in annual gross collected profit, the company would award him 10% of its stock.  The maximum amount petitioner could obtain would be 49%, if he averaged $400,000 per year in annual collected gross profit.  Petitioner had been with the company for five years when the parties dissolved their marriage.
  

According to a stipulated exhibit, petitioner's collected gross profits for the years of the marriage were $19,848 in 1995, $86,685 in 1996, $223,270 in 1997, $294,531 in 1998, and $418,369 in 1999.  Petitioner worked on commission, and the company paid him a monthly draw against his commissions.  If his draw exceeded his commissions, he would have a deficit account.  From 1995 through 1998, petitioner drew more than his commissions.  In 1999, however, his commissions exceeded his draw by $27,072.  His total deficit for 1995 through 1999 was $112,717.  The parties stipulated that, at the time of the hearing, the employer's liabilities exceeded its assets.

The court determined that the stock bonus was not marital property subject to division because the bonus would be future compensation for future efforts, regardless of petitioner's efforts during the marriage.  The court stated that petitioner's efforts during the marriage had earned him no part of the bonus and that it was speculative whether petitioner would receive the bonus and whether the stock would have any value.  Finally, the court noted that respondent would receive maintenance and that maintenance and support "are the context for the consideration of future compensation, contingent or otherwise."

Respondent contends that the court erred in failing to classify the stock bonus as marital property.  Generally, we will not disturb a court's determination that an asset is nonmarital  unless that determination is against the manifest weight of the evidence.  
In re Marriage of Hegge
, 285 Ill. App. 3d 138, 140 (1996).  However, that standard of review is based on the presumption that determining whether an asset is marital involves weighing the witnesses' credibility.  
In re Marriage of Werries
, 247 Ill. App. 3d 639, 641 (1993).  Here, the facts are not in dispute, and the witnesses' credibility is not an issue.  Instead, the parties ask us to determine the legal effect of undisputed facts.  Accordingly, our review is 
de
 
novo
.  
In re Marriage of Hughes
, 322 Ill. App. 3d 815, 819 (2001).

Property 
is presumed to be marital
 when it is acquired by either spouse after the marriage and before a judgment of dissolution of marriage.  750 ILCS 5/503(b)(1) (West 2000).  A showing that the property was acquired by a method listed in subsection 503
(a)
 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/503(a)(1) (West 2000)) can overcome the presumption.  
750 ILCS 5/503(b)(1) (West 2000).
  We resolve any doubts in favor of a finding that the property is marital.  
Hegge
, 285 Ill. App. 3d at 141. 

Whether a contingent stock bonus is marital property is a question of first impression in Illinois.  As respondent points out, however, other states have generally held that bonuses are martial property to the extent they were earned during the marriage.  See, 
e.g.
, 
Wilson v. Wilson
, 294 Ark. 194, 741 S.W.2d 640 (1987) (cash bonus primarily earned during marriage but received after divorce was marital property);  
Burns v. Burns
, 687 So. 2d 933 (Fla. App. 1997) (cash bonus earned during marriage was marital property);
 
Simpson v. Simpson
, 650 N.E.2d 333 (Ind. App. 1995) (cash bonus earned during marriage was marital property);
 
 
Byington v. Byington
, 224 Mich. App. 103, 568 N.W.2d 141 (1997) (compensation package including bonus, incentives, and "phantom stock" plan, earned after dissolution action was filed but before divorce was final, was marital property);
 
Hartog v. Hartog
, 85 N.Y.2d 36, 647 N.E.2d 749, 623 N.Y.S. 2d 534 (1995) (cash bonus earned during marriage but paid after commencement of dissolution proceedings was marital property);
 
Lineberger v. Lineberger
, 303 S.C. 248, 399 S.E.2d 786 (App. 1990) (
cash bonus earned during marriage but paid after
 divorce action was filed was marital property)
; 
Joynes v. Payne
, 36 Va. App. 401, 551 S.E.2d 10 (2001) (portion of cash bonus was marital property when it was earned during the marriage)
.

Respondent concedes, however, that in most of the above cases the bonus was received by the time of the divorce.  The case most similar to this one is 
Lewis v. Lewis
, 785 P.2d 550 (Alaska 1990).  There, the husband signed an agreement with his employer that he would receive 100,000 shares of the company's stock when the company had 18 profitable months.  By the time of the dissolution proceedings, the husband had not received the stock.  The trial court classified the contingent stock as nonmarital property because it represented future earnings.  The Alaska Supreme Court reversed, holding that the stock should be treated similarly to a nonvested pension:

"Steve's contingent stock interest is similar to a nonvested pension in that both are contractual rights.  It was earned at least in part during the marriage.  The applicable legal principle is that property earned during a marriage is marital property regardless of when it is transferred. [Citation.] If any stock is awarded to Steve pursuant to the employee agreement, that portion of the stock earned during the marriage is marital property."  
Lewis
, 785 P.2d at 556.

The court noted that a right to future employment benefits, whether or not subject to contingencies, is a contractual right rather than a mere expectancy.  
Lewis
, 785 P.2d at 556 n.8.  The court remanded the case and stated that, if Steve were awarded the stock, the trial court should determine how many of the 18 profitable months that justified the award occurred during the marriage.  A corresponding percentage of the 100,000 shares would be marital property subject to division.  
Lewis
, 785 P.2d at 556 n.9.

Although Illinois has not addressed stock bonuses earned in part during the marriage, Illinois considers pension benefits acquired after the marriage but before a judgment of dissolution of marriage to be marital property.  750 ILCS 5/503(b)(2) (West 2000).  Case law has established that it is irrelevant whether the pension rights have vested if they accrued during the marriage.  See, 
e.g.
, 
In re Marriage of Mantei
, 222 Ill. App. 3d 933, 936 (1991), quoting 
In re Marriage of Benz
, 165 Ill. App. 3d 273, 281-82 (1988) (" 'Decisions of this State have firmly established that pension rights, whether matured, vested, contributory or noncontributory, constitute property "acquired" during the marriage under section 503 of the Act' ").

Additionally, Illinois courts have considered nonvested stock options acquired during the marriage to be marital property, but not until they are exercised.  In 
In re Marriage of Moody
, 119 Ill. App. 3d 1043, 1048 (1983), the respondent had acquired stock options during the marriage.  The trial court attempted to place a value on them and include them in its property division.  The Appellate Court, First District, reversed and held that the trial court should retain jurisdiction to allocate the profits from the options when they were exercised.
  That approach was necessary because a court cannot award a defined interest in future benefits as marital property without sufficient evidence of present value.  
In re Marriage of Evans
, 85 Ill. 2d 523, 529 (1981).  
 

Subsequently, in 
In re Marriage of Frederick
, 218 Ill. App. 3d 533, 540-42 (1991), this court upheld an award 
to each party
 of 50% of the marital fraction of any profit from the husband's nonvested stock options.  We noted that the options had no present value, that the husband had the sole discretion whether to exercise them, and that they might never be exercised.   
However, we held that the trial court did not abuse its discretion in determining that each party would receive 50% of the marital fraction, if and when the options were exercised.  
Frederick
, 218 Ill. App. 3d at 542.

In 
In re Marriage of Isaacs
, 260 Ill. App. 3d 423 (1994), 
the First District again considered the division of contingent stock options and again applied a reserved-jurisdiction approach.  In that case, the petitioner was awarded the contingent stock options during the marriage.  The appellate court held that the trial court erred in treating these as nonmarital property.  The First District remanded the cause and ordered the court to retain jurisdiction to allocate the proceeds from the options if and when they were exercised.  
Isaacs
, 260 Ill. App. 3d at 430-31.
  
Illinois' treatment of nonvested stock options as marital property is consistent with the trend in most states.  See 
Bornemann v. Bornemann
, 245 Conn. 508, 518-19 & n.4, 752 A.2d 978, 986 & n.4 (1998) (collecting cases, including 
Frederick
, and noting that the trend "has been to treat unvested stock options as property on the basis that the options create a contractual right in the employee who holds them that is a valuable form of intangible property").  

We also note that as of January 1, 2002, there will be a statutory presumption that stock options are marital property.  Public Act 92--306 (Pub. Act 92--306, eff. January 1, 2002 (amending 735 ILCS 5/503 (West 2000))) amended section 503 of the Act to provide that stock options acquired during the marriage but before a judgment of dissolution are presumed to be marital property even if they have not vested and even if their value cannot be ascertained. 

Considering the above authorities, we believe that the trial court erred in concluding that no part of petitioner's stock bonus could be marital property.  Petitioner signed the agreement shortly after the parties married and was working toward the bonus during the marriage.  The bonus is similar to nonvested pension benefits in that petitioner must remain employed for a certain time before he will have a right to receive it.  The bonus is similar to a nonvested stock option in that the recipient has the potential to receive stock in the employer.

We agree with 
Lewis
 that any portion of the stock bonus earned during the marriage should be considered marital property.  The bonus is a contractual right that petitioner was working toward during the marriage and thus was more than a mere expectancy.  Indeed, it may turn out that much of the bonus was earned during the marriage.  As we noted, the only requirements for petitioner to receive a stock bonus are that he remain with the company for 10 years and average at least $125,000 in annual collected gross profit.  According to the parties' stipulated exhibit, petitioner generated an increased amount of collected gross profit each year of the marriage.  In his first year with the company, he generated only 
$19,848.  By 1999, however, he was generating $418,369.  Petitioner's average during the years of the marriage was $208,594.60, well above what he would need to receive a bonus.

Thus, the court's finding that the bonus was future compensation for future earnings and that petitioner had earned no part of it during the marriage was misleading.  By the time of the dissolution, petitioner was halfway to the 10-year requirement and was averaging well over what he needed to earn a bonus. Indeed, petitioner's collected gross profit could decrease significantly over the second five years and he could still be eligible for the bonus entirely because of his efforts during the marriage.  

The trial court relied on the fact that it was speculative whether petitioner would receive the stock or whether it would have any value.  The speculative nature of the bonus, however, is irrelevant.   The question is simply whether any portion of the bonus, when and if received, can be considered marital property.  

The trial court also relied on 
In re Marriage of Zells
, 143 Ill. 2d 251 (1991), in which the supreme court held that a lawyer's contingent fee contracts are not marital assets subject to division.  The 
Zells
 court, however, relied in part on its belief that dividing contingent fees in a marital dissolution proceeding would be impermissible fee-sharing with a nonattorney under Rule 5.4 of the Illinois Rules of Professional Conduct (134 Ill. 2d R. 5.4).  
Zells
, 143 Ill. 2d at 253-54.  Here, no ethical issue exists, and we believe that the petitioner's stock bonus contract is more like a nonvested pension or stock option than a contingent fee.  First, it derives from the employer-employee relationship.  Additionally, like an exercised stock option, a stock bonus is an award of an equity interest in the employer.  Petitioner has not cited, nor has our research disclosed, any case in which 
Zells
 was applied to nonvested stock options or pensions.

Petitioner focuses on the fact that he drew more than his commissions during the marriage.  He notes that he had a deficit account at the time of the marriage dissolution and that the company had a negative net worth.  These contentions are simply red herrings.  The company's worth concerns whether its stock will have any value; the question here, however, is whether the stock, regardless of its value, is marital property.  Similarly, although petitioner's overdraws may have benefitted the marital estate, they do not bear on whether the bonus, when and if received, is part of the martial estate.

Having concluded that part of the stock bonus could be marital property, we must now determine what the court should do on remand.  When dealing with pension rights, courts generally follow either the "total-offset" approach or the "reserved-jurisdiction" approach.  
Mantei
, 222 Ill. App. 3d at 936.  Under the "total-offset" approach, the trial court must determine the actual value of the pension according to actuarial evidence and then discount for the risk that the pension will not vest and further discount to present value.  The court then determines the marital portion of that amount.  
Mantei
, 222 Ill. App. 3d at 937.  Next, the court awards the pension interest to the pensioner spouse and gives the nonpensioner sufficient other marital property to offset her marital share in the interest.  
In re Marriage of Wenc
, 294 Ill. App. 3d 239, 244 (1998).  

Under the "reserved-jurisdiction" approach, which is also used with stock options, the court delays actually dividing the asset but orders how it will be divided if and when it is paid out.  
Mantei
, 222 Ill. App. 3d at 937.  Under an alternative reserved-jurisdiction approach, the court can determine the method of apportionment when 
the asset is received
.  
In re Marriage of Wisniewski
, 286 Ill. App. 3d 236, 241 (1997).  It is preferable for the court to decide the method of apportionment when it enters its decree, however, because otherwise the decree is not final.  
Wisniewski
, 286 Ill. App. 3d at 242-43.  The court has the discretion to determine how to allocate the asset.  
Wenc
, 294 Ill. App. 3d at 244.

Under these facts, we believe that the court should use a reserved-jurisdiction approach.  This method is better when an asset's present value is difficult to determine because of uncertainties as to vesting or maturation.  
Mantei
, 222 Ill. App. 3d at 937.  If it wishes, the court can determine now how it will divide any marital portion of the bonus.  However, the court must reserve jurisdiction and, if petitioner receives the bonus, determine then how much of the bonus is attributable to petitioner's efforts during the marriage.  That portion of the bonus is marital property subject to division.

Accordingly, we reverse the trial court's order and remand the cause, directing the court to reserve jurisdiction  to allocate the proceeds from the stock bonus if and when petitioner receives it.  See 
Isaacs
, 260 Ill. App. 3d at 430-31 (remanding and ordering court to reserve jurisdiction to allocate proceeds from stock options if and when exercised).

Reversed and remanded with directions.

McLAREN and BYRNE, JJ., concur.